999 So.2d 573 (2007)
Stanley ANDERSON
v.
STATE of Alabama.
CR-05-1943.
Court of Criminal Appeals of Alabama.
March 2, 2007.
Rehearing Denied March 30, 2007.
Douglas C. Freeman, Montgomery, for appellant.
Troy King, atty. gen., and Stephanie E. Reiland, asst. atty. gen., for appellee.
McMILLAN, Judge.
AFFIRMED BY UNPUBLISHED MEMORANDUM.
SHAW and WISE, JJ., concur. BASCHAB, P.J., concurs in the result.
WELCH, J., dissents, with opinion.
WELCH, Judge (dissenting).
I respectfully dissent from the majority's unpublished memorandum affirming the trial court's revocation of Stanley Anderson's probation.
This case arises from the summary disposition of a probation-revocation petition. The trial judge advised the appellant as follows:
"THE COURT: Yes. All right. Stanley, if you admit these things, in other words, if you say, `Yeah, I did that, Judge,' I've got to decide if I'm going to revoke your probation or not revoke it. If what I read to you is not true, all you need to do is say `I deny the alleged violations.' I will appoint a lawyer to represent you, and we'll have a hearing at a later date. Do you understand all of that?
"THE DEFENDANT: Yes, ma'am.
"THE COURT: All right. The first one is failure to report to your probation officer. They haven't seen you since May 17th of 2004. The second one is failure to pay supervision fees. You currently owe $90. The third alleged violation is failure to pay court-ordered monies. You currently owe $394. The fourth alleged violation is that you have a new arrest for being in possession of a firearm, drug paraphernalia, and resisting arrest. And I got a report that you're fighting with someone over at the jail. So what's going on? Are you admitting or denying these alleged violations?
"THE DEFENDANT: Well, I'm denying the firearm charge and the other charges."
(R. 2-3; emphasis supplied.)
Although the trial court had just advised Anderson that if he denied a charge then a lawyer would be appointed for him and a hearing would be held at a later date, when Anderson denied "the firearm charge and the other charges," the court did not appoint a lawyer nor did it set a revocation hearing for a later date. Instead, in direct contradiction to the procedure it had just explained to Anderson, the trial court proceeded to question him about the charges. Based upon that questioning, the trial court determined that Anderson had violated his probation.
It appears the trial court proceeded under Rule 27.5(b), Ala. R.Crim. P., to ascertain if Anderson admitted or denied the charges contained in the probation officer's "Report on Delinquent Probationer" and the supplement to that report. Although not explicitly set out in the record, it appears that Anderson was given a copy of *574 both the report and the supplement.[1] The trial court did not explain to Anderson the rights set out in Rule 27.5(a)(2), Ala. R.Crim. P., in that the trial court did not "[i]nform the probationer that any statement the probationer makes prior to the hearing may be used against the probationer."
The procedure for summary disposition of a probation-revocation petition pursuant to Rule 27.5(b), Ala. R.Crim. P., requires the trial court to ascertain if the probationer waives a probation-revocation hearing.
Rule 27.5(b) provides as follows:
"(b) Summary Disposition. The probationer may waive the probation hearing under Rule 27.6(a), and the judge of the sentencing court may make a final disposition of the issue, if
"(1) The probationer has been given sufficient prior notice of the charges and sufficient notice of the evidence to be relied upon; and
"(2) The probationer admits, under the requirements of Rule 27.6(c), that he committed the alleged violation."
Summary disposition is appropriate only if the probationer waives a hearing. Here, the trial court never asked Anderson if he wished to waive a probation-revocation hearing.
The trial court also failed to fully advise Anderson of his rights as required by Rule 27.6(c), Ala. R.Crim. P.
Rule 27.6(c) provides:
"(c) Admissions by the Probationer. Before accepting an admission by a probationer that the probationer has violated a condition or regulation of probation or an instruction issued by the probation officer, the court shall address the probationer personally and shall determine that the probationer understands the following:
"(1) The nature of the violation to which an admission is offered;
"(2) The right under section (b) to be represented by counsel;
"(3) The right to testify and to present witnesses and other evidence on probationer's own behalf and to cross-examine adverse witnesses under subsection (d)(1)...."
The handwritten revocation order is contained in the case action summary and reads as follows:
"Def admitted to (1) not reporting to [parole officer] and (2) pleading guilty to new charges of carrying a pistol, poss. of drug para. and resisting arrest. The Court revoked the def's probation and reinstated 15 yr sentence all cases to run concurrent. Appeal rights given."
(C.R. 2.)
The majority affirms the order revoking Anderson's probation, finding that Anderson failed to preserve the issue that he was denied counsel during a hearing. However, Anderson was never given the opportunity to request or waive a hearing; he was never informed that any statement he made could be used against him; and he was told that if he denied a charge he would be afforded counsel and given a hearing. After Anderson denied some of the charges against him, the trial court nonetheless questioned him immediately without providing him with counsel and then, based upon Anderson's responses to those questions, revoked his probation.
The Court of Appeals has stated: "A hearing ordinarily is defined, in matters not associated with full trials, as a proceeding in which the parties are afforded an opportunity to adduce proof and to argue (in person or by counsel) as to the inferences flowing from the evidence." Fiorella v. State, 40 Ala.App. 587, 590, 121 So.2d 875, 878 (1960).
*575 As the majority points out, one exception to the preservation rule is the requirement that a probation-revocation hearing actually be held. Richardson v. State, 911 So.2d 1114, (Ala.Crim.App.2004). In this case no hearing was held. Instead, Anderson was subjected to an interrogation by the trial court with no meaningful opportunity to present any evidence.
The trial court failed to ascertain if Anderson wished to waive a revocation hearing, failed to inform him that any statement would be used against him, and failed to hold a hearing after Anderson denied some of the charges, in derogation of what the trial court had advised Anderson the procedure would be if he denied charges. Further, the trial court revoked Anderson's probation, in part on the very same violations he had denied, after informing Anderson that he would be afforded counsel and a hearing if he did deny that he had violated his probation. Accordingly, because I would reverse the trial court's revocation of Anderson's probation and remand this cause for a hearing held in compliance with the requirements of Rules 27.5 and 27.6 of the Alabama Rules of Criminal Procedure, I must dissent.
NOTES
[1] Neither the officer's report nor the supplemental report was included in the record.