The appellant, Ronald Eugene Andrews, appeals from the circuit court's revocation of his probation. As best we are able to tell from the scant record before us, on October 20, 2003, Andrews pleaded guilty to one count of second-degree theft, a violation of § 13A-S-4, Ala. Code 1975. Andrews, who had three prior felony convictions, was sentenced on November 6, 2003. The circuit court sentenced him to 15 years' imprisonment; that sentence was split, and he was sentenced to serve 3 years in the Montgomery County Punishment and Corrections Program ("the Community Corrections Program"), followed by 2 years of supervision by the Community Corrections Program.
Andrews failed to report to the Community Corrections Program to begin his sentence. Andrews failed to appear for a probation-revocation hearing on January 22, 2004, and the court declared Andrews delinquent. Thereafter, on January 29, 2004, the circuit court issued a warrant for his arrest.
More than two years elapsed before Andrews was taken into custody on June 8, 2006. Andrews was brought before the circuit court on June 22, 2006. Based on his failure to appear, the court reinstated Andrews's original 15-year sentence. This appeal followed.
Andrews argues that the circuit court violated his right to due process by not adhering to the probation-revocation requirements contained in Rule 27, Ala. R.Crim.P., as required by § 15-18-175(d)(3), Ala. Code 1975.
Section 15-18-175(d)(3), Ala. Code 1975, sets out the options available to a circuit court when a person sentenced to a community corrections program violates the conditions imposed by the court. Before *Page 394 
the court can revoke a community-corrections sentence, a revocation hearing must take place.
 "A revocation hearing shall be conducted before the court prior to revocation of the community corrections sentence. The court shall apply the same due process safeguards as a probation revocation proceeding and may modify or revoke the community punishment sentence and impose the sentence that was suspended at the original hearing or any lesser sentence, including any option listed in subdivision (1) of subsection (d)."
§ 15-18-175(d)(3)b., Ala. Code 1975.
In Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593,33 L.Ed.2d 484 (1972), the United States Supreme Court set forth the minimum constitutional requirements that must be met before parole may be revoked:
 "(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a `neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole."
408 U.S. at 489, 92 S.Ct. 2593. These rights were extended to probationers in probation-revocation proceedings by the United States Supreme Court in Gagnon v. Scarpelli,411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), and by the Alabama Supreme Court in Armstrong v. State, 294 Ala. 100,312 So.2d 620 (1975).[1] The procedures for probation-revocation proceedings set out in Rule 27.5 and Rule 27.6, Ala.R.Crim.P., are intended to comply with the due-process requirements ofMorrissey, Gagnon, and Armstrong. See, e.g.,Puckett v. State, 680 So.2d 980, 982
(Ala.Crim.App. 1996).
Here, Andrews argues that the circuit court failed to comply with all of the requirements contained in Rule 27.5, Ala. R.Crim.P. However, Andrews did not make any objections in the circuit court related to the court's failure to comply with this Rule.
We have held that the rules of preservation apply to probation-revocation proceedings and that there are only three exceptions to the preservation requirement: (1) the requirement that a revocation hearing be held; (2) the requirement that there be an adequate written or oral revocation order; and (3) the requirement that the probationer be informed of his right to request counsel. See Jackson v. State,867 So.2d 365 (Ala.Crim.App. 2003).
Our examination of the record indicates that Andrews was not informed of his right to counsel; the record does not indicate whether the court made a determination as to whether Andrews was entitled to counsel. See Law v. State,778 So.2d 249 (Ala.Crim.App. 2000). The State likewise concedes that Andrews's due-process rights were violated as a result of the court's failure to follow the procedures set *Page 395 
out in Rule 27, Ala. R.Crim.P., and requests that Andrews's case be remanded to the circuit court so that the requirements of Rule 27 can be met.
Based on the foregoing, we remand this cause to the circuit court for that court to conduct a new revocation hearing in compliance with Rule 27, Ala.R.Crim.P. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
McMILLAN, SHAW, and WELCH, JJ., concur.
BASCHAB, P.J., concurs in the result.
[1] We recognize that the Alabama Supreme Court in McCoov. State, 921 So.2d 450 (Ala. 2005), overruledArmstrong to the extent that it required a formal written order revoking probation. The Court stated: "Henceforth, the Court of Criminal Appeals may determine, upon a review of the record, whether the requisite Rule 27.6(f) statements are presented by that record."921 So.2d at 462.
* Note from the reporter of decisions: On June 22, 2007, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.