Stanley Anderson seeks a reversal of the. judgment of the Court of Criminal Appeals' affirming the trial court's judgment revoking Anderson's probation. We reverse the Court of Criminal Appeals' judgment and remand the case.
 Facts and Procedural History
Stanley Anderson was convicted in 2004 of breaking and entering a motor vehicle and of theft of property. The trial court sentenced Anderson to a 15-year sentence for each conviction, to be served concurrently; it then suspended the sentences and placed him on supervised probation. In 2006, at the request of Anderson's probation officer, the Montgomery Circuit Court held a hearing to determine whether to revoke Anderson's probation, at which time the following conversation took place:
 "The Court: Stanley, if you admit these things, in other words, if you say, `Yeah, I did that, Judge,' I've got to decide if I'm going to revoke your probation or not revoke it. If what I read to you is not true, all you need to do is say `I deny the alleged violations.' I will appoint a lawyer to represent you, and we'll have a hearing at a later date. Do you understand all of that?
 "Anderson: Yes, ma'am.
 "The Court: All right. The first one is failure to report to your probation officer. They haven't seen you since May 17, 2004. The second one is failure to pay supervision fees. You currently owe $90. The third alleged violation is failure to pay court-ordered moneys. You currently owe $394. The fourth alleged violation is that you have a new arrest for being in possession of a firearm, drug paraphernalia, and resisting arrest. And I got a report that you're fighting with someone over at the jail. So what's going on? Are you admitting or denying these alleged violations?
 "Anderson: Well I'm denying the firearm charge and the other charges."
Upon further questioning by the trial judge, Anderson admitted that he had pleaded guilty to the charges of possessing a firearm, possessing drug paraphernalia, and resisting arrest and had completed his punishment for those convictions, [1] but maintained that he was nevertheless innocent of the charges. Following this admission, the judge revoked Anderson's probation and reinstated the 15-year sentences without appointing an attorney for him or setting a date for a revocation hearing. Anderson appealed to the Court of Criminal Appeals, arguing that the trial court erred in not complying with the requirements of Rule 27.5(a)(1) through (4)[2] and *Page 577 
Rule 27.6(a) and (b) and (c)(5), [3] Ala. R.Crim. P., i.e., in not holding a subsequent revocation hearing and in not allowing Anderson an opportunity to be represented by counsel.
The Court of Criminal Appeals issued an unpublished memorandum affirming the trial court's revocation order on the ground that Anderson had not preserved the issues for appellate review because he had not raised them in the trial court. Andersonv. State, 999 So.2d 573 (Ala.Crim.App. 2007) (Welch, J., dissenting).
We granted Anderson's petition for the writ of certiorari to determine whether the decision of the Court of Criminal Appeals to affirm the trial court's revocation order on the basis that Anderson failed to preserve his argument for appellate review conflicts with prior caselaw.
 Analysis
A probationer who makes his initial appearance under Rule 27.5, Ala. R.Crim. P., is entitled to a revocation hearing. Rule 27.5(a)(4), Ala. R.Crim. P. (at the initial appearance, the "judge . . . shall . . . set the date of the revocation hearing"). At the revocation hearing, the probationer is entitled to be represented by counsel. See Rule 27.6(b), Ala. R.Crim. P. ("[P]robationer is entitled . . . to be represented by counsel.). The probationer may waive his right to a revocation hearing if he is given "sufficient prior notice of the charges and sufficient notice of the evidence to be relied upon" and if he "admits, under the requirements of Rule 27.6(c), that he committed the alleged violation." Rule 27.5(b), Ala. R.Crim. P.
In the present case, it appears that the judge determined that Anderson had waived his right to a revocation hearing and his right to counsel, because she revoked his probation during his initial appearance without affording him representation by counsel. The trial judge initially informed Anderson that "[i]f what I read to you is not true, all you need to do is say `I deny the alleged violations.' I will appoint a lawyer to represent you,' and we'll have a hearing at a later date." After the judge read the violations, Anderson responded, "I'm denying the firearm charge and the other charges." However, he later during the initial hearing admitted that he had not reported to his probation officer because he did not have any money and could not pay his supervision fees or court-ordered moneys. Anderson also admitted during this initial appearance that although he was "denying the firearm *Page 578 
charge and the other charges," he had pleaded guilty to those charges and had completed his sentence related to those charges. At no time during the appearance did Anderson request an attorney; however, neither did the trial judge, before revoking Anderson's probation, ask him if he was willing to waive his right to a revocation hearing or to counsel. Nevertheless, based on Anderson's admission that he had knowingly failed to report to his probation officer and that he had pleaded guilty to the other charges, the trial judge revoked Anderson's probation without counsel present.
The Court of Criminal Appeals did not reach the merits of Anderson's appeal, affirming the trial court's order on the ground that Anderson had not presented to the trial court the arguments that he was entitled to counsel and a revocation hearing, and, therefore, he had not preserved those arguments for appellate review. Generally, arguments not presented to the trial court are waived on appeal. See Ex parte Helton,578 So.2d 1379, 1380 (Ala. 1990) ("The second issue raised by [the defendant] . . . was not properly raised at trial and thus, was not preserved for review."). However, in Puckett v.State, 680 So.2d 980, 983 (Ala.Crim.App. 1996), the Court of Criminal Appeals recognized two exceptions to that general rule when the case involves the revocation of probation:
 "[The Court of Criminal Appeals] has recognized, in probation revocation proceedings, only two exceptions to the general rule that issues not presented to the trial court are waived on appeal: (1) the requirement that there be an adequate written order of revocation . . ., and (2) the requirement that a revocation hearing actually be held."
(Citations omitted.) In deciding that Anderson had not preserved his arguments for appeal, the Court of Criminal Appeals did not issue an opinion overruling Puckett or suggest in its unpublished memorandum that Puekett
should be overruled, nor have we been asked to overrule it.
Anderson argues that his case falls within the secondPuckett exception because the trial court failed to hold a revocation hearing. We agree.
During the exchange between the trial judge and Anderson at his initial appearance, the trial judge told Anderson that if he denied the charges he would be afforded counsel and a subsequent hearing would be held; however, when he denied the charges, he was not afforded counsel and a revocation hearing for a later date was not set.
"A hearing ordinarily is defined, in matters not associated with full trials, as a proceeding in which the parties are afforded an opportunity to adduce proof and to argue (in person or by counsel) as to the inferences flowing from the evidence."Fiorella v. State, 40 Ala.App. 587, 590,121 So.2d 875, 878 (1960). We agree with Judge Welch's dissent from the Court of Criminal Appeals' unpublished memorandum in this case. He stated that "[i]n this case no hearing was held. Instead, Anderson was subjected to an interrogation by the trial court with no meaningful opportunity to present any evidence."Anderson, 999 So.2d at 575 (Welch, J., dissenting).
Anderson has set forth facts indicating that a revocation hearing was not held and that Anderson did not waive a revocation hearing. Because the failure to hold a revocation hearing is one of the exceptions to the general rule requiring a defendant to preserve his arguments for appeal by first raising them in the trial court, the *Page 579 
Court of Griminal Appeals' decision is in error.
 Conclusion
For the foregoing reason, we reverse the decision of the Court of Criminal Appeals and remand this case to that court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB, C.J., and LYONS, WOODALL, STUART, SMITH, BOLIN, PARKER, and MURDOCK, JJ., concur.
[1] Anderson was confined in Chilton County for two years, while he was also serving his probationary term in Montgomery County.
[2] Rule 27.5(a)(1) through (4) provide:
 "(a) Initial Appearance. When a probationer is arrested pursuant to Rule 27.4(b) or Rule 27.4(c), the probation officer shall be notified immediately (unless the officer made the arrest), and the probationer shall be taken without unnecessary delay before the judge who issued the warrant or summons, if available, or in case of an arrest without a warrant, before the original sentencing judge, if available; otherwise, the probationer shall be taken before another judge of the same district or circuit, who shall
 "(1) Inform the probationer of the alleged violation of probation and furnish the probationer with a written copy thereof;
 "(2) Inform the probationer that any statement the probationer makes prior to the hearing may be used against the probationer;
 "(3) Advise the probationer of his or her right to request counsel and appoint counsel to represent an indigent probationer if the requirements of Rule 27.6(b) are met;
 "(4) Set the date of the revocation hearing. . . . "
[3] Rule 27.6, "Revocation of Probation," provides in subparagraphs (a) and (b):
 "(a) Hearing. A hearing to determine whether probation should be revoked shall be held before the sentencing court within a reasonable time after the probationer's initial appearance under Rule 27.5.
 "(b) Presence; Right to Counsel. The probationer is entitled to be present at the hearing and to be represented by counsel. Counsel will be appointed to represent an indigent probationer upon request:
 "(1) If the probationer makes a colorable claim that the probationer has not committed the alleged violation of the conditions or regulations of probation or the instructions issued by the probation officer; or
 "(2) Even when the violation is a matter of public record or is uncontested, if there are substantial reasons that justify or mitigate the violation and that may make revocation inappropriate, and the reasons are complex or otherwise difficult to develop or present."
There is no subparagraph (5) in Rule 27.6(c), Ala. R.Crim. P.