WELCH, Judge,
concurring in part and dissenting in part.
I concur with Part I of the unpublished memorandum affirming the trial court’s denial of William Franklin Hill’s motion to withdraw his guilty plea. For the reasons that follow, I respectfully dissent from Part II of the unpublished memorandum.[1] In Part II of its unpublished memorandum, the majority affirmed the trial court’s revocation of William Franklin Hill’s sentence to the Montgomery County community punishment and corrections program and its reinstatement of his original sentence to 20 years’ imprisonment.
On April 4, 2007, William Franklin Hill entered a guilty plea and was convicted of first-degree theft of property, a violation of § 13A-8-5, Ala.Code 1975. He was sentenced as a three-time habitual offender to 20 years’ imprisonment, to be served in the custody of the Montgomery County community-corrections program. I note that the revocation of a community-corrections alternative sentencing program is treated the same as a probation revocation. See Richardson v. State, 911 So.2d 1114 (Ala. Crim.App.2004). Thus, some references in this writing are to the “probation revocation.”
The revocation hearing began with the following statement from the trial court:
“THE COURT: We had you on Community Corrections. You have been charged with violating some of the conditions of your Community Corrections in that you failed to reside at the residence that you listed with the Community Correctional officer. In fact, he said when a home visit was made on June 11th, he discovered you had never lived there.
“Based upon that, your privilege of Community Corrections will be revoked and your sentence will be put into effect. Good luck, sir.”
(R. 15.) After the court announced it was revoking Hill’s placement in the community-corrections program Hill was allowed to speak. He offered a lengthy explanation to the trial court regarding his living arrangements. This was followed by the trial court’s asking, “[D]id you give [Mr. Tate, your community corrections officer] *2 the correct address where you live?” (R. 19.) This was followed by Hill’s explanation why he did not live at the address he had given Mr. Tate, but that he had done everything he could control to comply with the criteria for placement in the community-corrections program. The trial court concluded the proceedings with the following comment:
“THE COURT: I am sorry. I can’t agree with you, that you have done everything, because one of the minimum requirements is telling the Community Corrections officer where you live. I don’t think you have been living where you told him you lived. So sorry. I gave you an opportunity. Good luck, sir.”
(R. 20.)
As the State concedes in its appellate brief, “it does not appear that [the trial court] applied all of the due process safeguards of Rule 27, Ala. R.Crim. P.” (State’s brief at pp. 18-19.) Andrews v. State, 975 So.2d 392 (Ala.Crim.App.2007), is factually similar to the instant case. In Andrews the appellant claimed “that the circuit court violated his right to due process by not adhering to the probation-revocation requirements contained in Rule 27, Ala. R.Crim. P., as required by § 15-18 — 175(d)(3), Ala.Code 1975.” 975 So.2d at 393. “Andrews did not make any objections in the circuit court related to the court’s failure to comply with this Rule.” 975 So.2d at 394. This court unanimously voted to remand Andrews to the circuit court “for that court to conduct a new revocation hearing in compliance with Rule 27, Ala. R.Crim. P.” 975 So.2d at 395.[2] I note that in this case, Hill did file a motion to reconsider the revocation of his community-corrections placement in which he argued that he had not received due process as contemplated by Rule 27, Ala. R.Crim. P. No postjudgment motion is referenced in Andrews.
I am aware that a community-corrections-placement revocation hearing need not be formal and that the court is not bound by strict rules of evidence. See Ewing v. State, 826 So.2d 199, 202 (Ala.Crim.App.2001); Puckett v. State, 680 So.2d 980, 982 (Ala.Crim.App.1996); Mitchell v. State, 462 So.2d 740, 742 (Ala.Crim.App.1984). I am also aware that due-process rights may be waived. See Puckett v. State, 680 So.2d 980, 984 (Ala.Crim.App.1996). However, a probationer’s right to a revocation hearing “is mandatory and jurisdictional.” Story v. State, 572 So.2d 510, 511 (Ala.Crim.App.1990). A revocation hearing not only affords a probationer a forum in which to exercise his or her due-process rights, but it also provides the probationer an opportunity to challenge the absence of due process before possibly losing his liberty. Puckett v. State, 680 So.2d 980, 984 (Ala.Crim.App.1996) (“[T]he difficulty of raising an objection for the record where one’s [community-corrections placement] has been revoked without a hearing is obvious.”) A proceeding, such as in the instant case, where the probationer is not afforded due-process and is not afforded a meaningful opportunity to protect his due-process rights is without substance and meaningless. Therefore, I believe that, as was the case in Andrews, the instant case should be remanded to the trial court for that court to conduct a new revocation hearing in compliance with Rule 27, Ala. R.Crim. P. Accord, Ex parte Anderson, 999 So.2d 575 (Ala.2008) (no meaningful revocation proceeding was held); Wallace v. State, 992 So.2d 797 (Ala.Crim.App.2008) (no meaningful revocation hearing was held).
*3 Therefore, based on the above, I must respectfully dissent from Part II of the unpublished memorandum.

. Hill’s issues were consolidated on appeal.

. Presiding Judge Baschab concurred in the result.