On Return to Remand
 

 WELCH, Presiding Judge.
 

 Gregory Lamar Ballard appeals from the denial of his petition for resentencing, which he filed pursuant to § 15-22-54.1, Ala. Code 1975.
 

 On September 1, 2010, Ballard filed his petition for resentencing. According to Ballard’s petition, he was convicted of first-degree theft and first-degree receiving stolen property and was sentenced to 15 years’ imprisonment. Ballard states in his petition that he was sentenced on July 12, 2007, and that his probation was revoked on April 20, 2009. On September 23, 2010, the circuit court held a hearing at which it held that it did not have jurisdiction to resentenee Ballard under § 15-22-54.1 because Ballard was incarcerated as a result of the revocation of his community-corrections sentence and not as a result of the revocation of probation. Accordingly, the circuit court denied the petition. This appeal followed.
 

 Before considering whether the circuit court was correct in holding that it did not have jurisdiction to resentence Ballard because Ballard was incarcerated following the revocation of a community-corrections sentence, this Court found it necessary to remand this case by order to the circuit court for that court to clarify whether Ballard had been placed in the community-
 
 *486
 
 corrections progress as part of a split sentence or as a condition of his probation. Section 15-18-175(d)(l), Ala.Code 1975, recognizes that a person may be placed in a community-corrections program as part of a split sentence or as a condition of probation, providing, in pertinent part:
 

 “The court may sentence an eligible offender as defined in this section directly to any appropriate community-based alternative provided, either as a part of or in conjunction with a split sentence as provided for in Section 15-18-8, or otherwise as an alternative to prison; or as a condition for a defendant to meet in conjunction with probation; and under such additional terms and conditions as the court may prescribe.”
 

 The circuit court has filed a return to this Court. The circuit court’s order on remand states that Ballard was placed in the community-corrections program as part of a split sentence. The circuit court having complied with our instructions on remand, we now turn to whether § 15-22-54.1, Ala. Code 1975, permits a circuit court to re-sentence a petitioner whose community-corrections sentence has been revoked.
 

 In 2010, the legislature amended § 15-22-54, Ala.Code 1975, to limit incarceration in the penitentiary for eligible offenders whose probation had been revoked because of technical violations and to provide retroactive relief to certain inmates serving time following the revocation of their probation for a technical violation. Section 15-22-54.1, as amended effective April 30, 2010, provides for the retroactive review of a sentence following a probation revocation that occurred before the amendment:
 

 “(a) Any person convicted of a nonviolent offense now serving a prison sentence based on
 
 revocation of probation
 
 as a result of only technical violations shall be entitled to be resenteneed upon petition to the sentencing court. Such petition shall be on a form and filed in the manner prescribed by the Administrative Office of Courts. Petitions shall be considered authorized motions for modification of sentence, assigned a unique identifier by the Administrative Office of Courts, and shall not require payment of a filing fee.
 

 “(b) The court shall have jurisdiction to resentence the offender in accordance with the terms of this section, upon a showing of the following:
 

 “(1) The offender successfully completed the terms of probation for six months.
 

 “(2) Probation was thereafter revoked and the offender was sentenced to the penitentiary only as a result of technical violations of probation.
 

 “(3) The offender has no disciplinary infractions while serving the sentence in the penitentiary.
 

 “(4) The offender has no pending charges or convictions for a new offense.”
 

 § 15-22-54.1, Ala.Code 1975 (emphasis added).
 

 Although the revocation of a sentence being served under a community-corrections program is treated the same as a probation revocation,
 
 see
 
 § 15-18-175(d)(3)b., Ala.Code 1975, and
 
 Ex parte Hill,
 
 71 So.3d 3, 8 (Ala.2009), serving a term of probation and serving in a community-corrections program as part of a split sentence are different. A person who is serving a term of probation has had his or her sentence suspended,
 
 see
 
 § 15-22-50, Ala.Code 1975, whereas a person serving a community-corrections sentence as part of a split sentence is serving the confinement portion of his or her sentence and is in the custody of the Department of Corrections.
 
 See
 
 § 15-18-171.1, Ala.Code 1975, and § 15-18-175(d)(3)e., Ala.Code 1975. Sec
 
 *487
 
 tion 15-22-54.1, Ala.Code 1975, applies to inmates currently incarcerated following
 
 revocation of probation.
 
 Ballard was not serving a term of probation, but, instead, was serving his split sentence in a community-corrections program. Ballard’s split sentence was revoked. Therefore, Ballard is not eligible to be resentenced under § 15-22-54.1, Ala.Code 1975. Accordingly, the circuit court properly held that it did not have jurisdiction to resentence Ballard.
 

 Based on the foregoing, the circuit court’s judgment is affirmed.
 

 AFFIRMED.
 

 WINDOM, KELLUM, BURKE, and JOINER, JJ., concur.