BURKE, Judge.
Cleveland Bennett Reese appeals the order of the circuit court removing him from a work-release program. On July 28, 2010, Reese pleaded guilty to first-degree unlawful possession of marijuana, a violation of § 13A-12-213, Ala.Code 1975, and was sentenced to 15 years’ imprisonment to be served in the Houston County Community Corrections. On March 1, 2011, a Houston County Community Corrections officer issued a delinquency report, which charged Reese with failing to comply with the rules and regulations of the work-release program by possessing “an electronic device that has video, picture, and music capabilities.” (C. 7.) This device was considered contraband, and Reese had been informed of this regulation. Thus, he was charged with third-degree promoting prison contraband. The record indicates that Reese was found to have been in possession of an electronic device on two separate occasions.[1] On March 18, 2011, Reese filed a motion for reconsideration of the revocation of his participation in the work-release program. Subsequently, on April 19, 2011, the circuit court revoked Reese’s assignment to the work-release program as part of the community corrections program and ordered him to return to the Alabama Department of Corrections *186 (“DOC”) to serve the remainder of his sentence. On May 2, 2011, Reese filed a notice of appeal.
On appeal, Reese argues that the circuit court abused its discretion when it removed him from the community-corrections work-release program and ordered him to serve the remainder of his sentence with the DOC. Specifically, Reese contends that he is a technical violator, pursuant to § 15-22-54(4)(l)(f)., Ala.Code 1975; thus, he argues, he should serve a period with the DOC not to exceed 90 days in accordance with the technical-violator statute. Second, Reese argues that he was not afforded a revocation hearing; therefore, he argues, the order of the circuit court removing him from the community-corrections program was erroneous.
I.
Reese submits that the revocation of his community-corrections sentence was the result of a technical violation; thus, he argues, the remainder of his sentence should be served in accordance with § 15-22-54(4)(l)(f)., Ala.Code 1975. The State claims that § 15-22-54, Ala.Code 1975, applies only to probation revocations rather than to the revocation of community-corrections status, and that Reese is thus not eligible for consideration under the technical-violator statutory provision.
Section 15-22-54(d)(l)f., Ala.Code 1975, provides, in pertinent part:
“(1) If the defendant violates a condition of probation or suspension of execution of sentence, the court, after a hearing, may implement one or more of the following options:
[[Image here]]
“f. If the probation violation is a technical violation, defined as a violation of a condition of probation other than the commission of a new offense, an eligible offender may be required to serve a term of not more than 90 days imprisonment in a Department of Corrections facility, which may include participation in the restart program, LIFETech program, or a technical violator program or, if no space is available in a Department of Corrections facility, not more than 90 days in the county jail.”
As to Reese’s argument that he is entitled to be sentenced as a technical violator because his work-release community-corrections sentence was revoked, this Court recently addressed this issue in Ballard v. State, 85 So.3d 485, 486-87 (Ala.Crim.App.2011). In Ballard, where the community-corrections aspect of Ballard’s sentence had been part of a split sentence rather than a condition of probation, this Court stated:
“Although the revocation of a sentence being served under a community-corrections program is treated the same as a probation revocation, see § 15-18-175(d)(3)b., Ala.Code 1975, and Ex parte Hill, 71 So.3d 3 (Ala.2009), serving a term of probation and serving in a community-corrections program as part of a split sentence are different. A person who is serving a term of probation has had his or her sentence suspended, see § 15-22-50, Ala.Code 1975, whereas a person serving a community-corrections sentence as part of a split sentence is serving the confinement portion of his or her sentence and is in the custody of the Department of Corrections. See § 15-18-171.1, Ala.Code 1975, and § 15-18-175(d)(3)e., Ala.Code 1975. Section 15-22-54.1, Ala.Code 1975, applies to inmates currently incarcerated following revocation of probation. Ballard was not serving a term of probation, but, instead, was serving his split sentence in a community-corrections program. Ballard’s split sentence was revoked.
*187 Therefore, Ballard is not eligible to be resentenced under § 15-22-54.1, Ala. Code 1975. Accordingly, the circuit court properly held that it did not have jurisdiction to resentence Ballard.”
85 So.3d at 486-87.
Similarly, Reese was not serving a term of probation, but instead was serving his sentence in a community-corrections program,[2] and therefore he is not eligible to be resentenced under § 15 — 22—54(d)(l)f., Ala.Code 1975. Consequently, the circuit court did not abuse its discretion in revoking Reese’s sentence to the community-corrections program.
II.
Reese claims that the circuit court erred by not conducting a proper probation-revocation hearing before removing him from the community-corrections program. The State argues that Reese’s claim that the hearing held by the circuit court was insufficient is meritless.
According to the record, the hearing went as follows:
“THE COURT: Okay. He has a fifteen year sentence, which he has been serving in Community Corrections. And on January 24th, Community Corrections reports that he was in possession of some electronic device that has video and music capabilities. This is considered contraband. Are they informed of that?
“COMMUNITY CORRECTIONS OFFICER: Yes, Your Honor. Everyone that comes into Community Corrections is informed of the rules and signs a document that has the rules on it. I have that document if you’d like to see it, your Honor.
“THE COURT: Was this a cell phone? Is that what it was?
“COMMUNITY CORRECTIONS OFFICER: Yes, sir. It was kind of PDA-type of cell phone with multi-func-tional devices. It could make cellular calls, as well as pictures, video, music, and stuff like that.
“THE COURT: Did you not understand you weren’t supposed to have that?
“[Reese]: Sir, I understand. That is not what it was. It was an MP3 player. It is set for trial, actually, next week in Judge Lewis’s courtroom. I had my folks to bring my manual before I go there, because it didn’t do no phone calls, no texting. It was nothing of that nature.
“COMMUNITY CORRECTIONS OFFICER: It is still contraband, Your Honor. If it can produce pictures, videos, and music, it is still contraband.
“THE COURT: Okay.
“COMMUNITY CORRECTIONS OFFICER: They are only allowed to have — if it’s an MP3 player, they are only allowed to have it where it has no LCD screen and you can’t access music and pictures and video. They can only have music, not a multi-functional device where you can take pictures of yourself or videos or whatnot.
“THE COURT: Okay. Anything further?
*188 “[Reese]: Like I said, what I was telling him, I have a trial set for that, therefore, this doesn’t exist, because I haven’t been found guilty of that. So that would not be grounds for them to bring me back for that — like I said, it’s set for trial in Judge Lewis’s courtroom next week.
“THE COURT: And you don’t think they have got a right to ask that you be revoked until you have a trial? Is that what you are saying?
“[Reese]: I feel like if that is grounds for what they are doing, I feel like that should be taken care of first, yes, sir, I do.
“THE COURT: Okay.
“[Prosecutor]: Judge, I think there is a slight miscommunication. The device we are talking about was on January 24th. And then on March 1st Officer Price tells me he did have a cell phone.
“COMMUNITY CORRECTIONS OFFICER: He had a cell phone on March 1st. The device we are talking about currently was on January 24th.
“THE COURT: So you had two different occasions?
“COMMUNITY CORRECTIONS
OFFICER: Two different occasions. Officer Duffy and I or the DSI guard were performing cell searches on that day. And he was actually in his cell getting dressed for work and we found that cell phone in his pants pocket on that day. And he did admit that that cellular phone was his. I also have that in evidence if we need to bring that up here. I didn’t charge him again with promoting prison contraband on that second occasion. I just figured I’d remove him and save him another court date.
“THE COURT: Okay. You are ordered to be delivered to the proper authorities for execution of your sentence.
“[Reese]: Your Honor, may I ask you a question? On what grounds?
“THE COURT: For being in possession of contraband. What do you think?
“[Reese]: I wasn’t charged with contraband.
“THE COURT: Well, you were by this thing today.”
(R. 3-6.)
In Ex parte Hill, 71 So.3d 3 (Ala.2009), the Alabama Supreme Court explained:
“We first note that the revocation of a sentence served under a community-corrections program is treated the same as a probation revocation. See § 15-18-175(d)(3)b., Ala.Code 1975 (‘A revocation hearing shall be conducted before the court prior to revocation of the community corrections sentence. The court shall apply the same due process safeguards as a probation revocation proceeding and may modify or revoke the community punishment sentence and impose the sentence that was suspended at the original hearing or any lesser sentence....’); Richardson v. State, 911 So.2d 1114 (Ala.Crim.App.2004) (treating the revocation of a community-corrections sentence as a probation revocation); see also Jackson v. State, 867 So.2d 365 (Ala.Crim.App.2003) (providing that the rules of preservation apply to probation-revocation proceedings unless no revocation hearing is conducted, the record does not contain an adequate written or oral revocation order, or the probationer was not informed of his right to counsel). We hereinafter sometimes in our discussion of the due-process issue presented here make reference to probationers and probation-revocation proceedings.”
Ex parte Hill, 71 So.3d at 8-9.
Moreover, in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 *189 (1972), the United States Supreme Court set forth the minimum constitutional requirements that must be met before probation may be revoked. The requirements include:
“ ‘(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a “neutral and detached” hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.’ ”
Andrews v. State, 975 So.2d 392, 394 (Ala.Crim.App.2007) (footnote omitted) (quoting Morrissey v. Brewer, 408 U.S. at 489; see also Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); and Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975).
In the present case, the record indicates that Reese was given written notice of the claimed violations, which included both the January 24 incident concerning the possession of a MP3 player and the March 1 incident concerning the possession of a cellular telephone while in the community-corrections program. The circuit court thereafter held a hearing to consider the first instance, and the second instance had been scheduled for a hearing on a later date. The correctional officer indicated that Reese admitted to being in possession of the cellular telephone; however, that charge was not the basis of the hearing and Reese did not clearly admit to possessing the MP3 device, nor did the judge state that his holding was based on an admission. Rather the court appeared to base its decision on the unsworn statements of the correctional officer. Moreover, it appears that Reese did not understand the charge nor was he or his attorney given an opportunity to cross-examine the witness or to present his claimed evidence. Thus, this proceeding did not constitute the “meaningful hearing” to which he was entitled under Morrissey v. Brewer and Gagnon v. Scarpelli, and Armstrong v. State. Ex parte Hill, 71 So.3d 3, 9-10 (Ala.2009).
Based on the foregoing, this case is due to be remanded to the circuit court for Reese to be afforded the opportunity to present evidence and witnesses and to confront the DOC’s witnesses. A return, including the circuit court’s findings, should be returned to this Court within 42 days of this opinion.
REMANDED WITH INSTRUCTIONS. *
WINDOM, P.J., and KELLUM and JOINER, JJ., concur.
WELCH, J., dissents.

. On the first occasion, Reese possessed a MP3 device; this possession was the basis of the present ruling. The later occasion concerned his possession of a cellular phone that he admitted was his.

. Section 15-18-171(6) defines a community-corrections program as "[a]ny program designed as an alternative to incarceration and maintained by a county commission or an authority or nonprofit entity for the purpose of punishing and for correcting a person convicted of a felony or misdemeanor or adjudicated a youthful offender and which may be imposed as part of a sanction, including, but not limited to confinement, work release, day reporting, home detention, restitution programs, community service, education and intervention programs, and substance abuse programs.”

 Note from the reporter of decisions: On May 11, 2012, on return to remand, the Court of Criminal Appeals affirmed, without opinion.