WINDOM, Presiding Judge,
dissenting.
I disagree with the majority’s determination that Thomas Michael Watson validly waived his right to a revocation hearing *896 before the circuit court revoked his sentence to a community-corrections program and the probationary portion of his-split sentence. Therefore, I respectfully dissent.
On September 13, 2011, Watson pleaded guilty to unlawful possession of a controlled substance, see § 13A-12-212, Ala. Code 1975, and was sentenced to 15 years in prison. That sentence was split, and Watson was ordered to serve 2 years in prison followed by 3 years of probation. On October 17, 2012, the circuit court granted Watson’s application to serve the two years of incarceration in a community-corrections program. On June 26, 2013, Watson was released from the custody of the Alabama Department of Corrections to the Madison County Community Corrections program.
On January 2, 2014, community-corrections Officer Leanne W. Condrey filed a holding-order request with the circuit court alleging that Watson had been involved in several shooting incidents in Madison County, that he had tested positive for cocaine and opiates during a random drug screen, that he had been involved in a drive-by shooting during which an innocent bystander was killed, and that he had been absent from his home without the permission of the community-corrections office. The report also stated that the Huntsville Police Department had received several telephone calls regarding alleged drug deals at Watson’s residence. On January 9, 2014, Officer Condrey filed a delinquency report alleging that Watson had violated the supervision guidelines of the community-corrections program by committing new offenses; by failing to avoid persons or places of disreputable or harmful conduct or character; by failing to abstain from illegal drug use; by failing to report to the community-corrections officer as directed; by failing to remain within 100 feet of his home-monitoring box; by failing to submit to substance-abuse tests; and by changing his residence or employment without the consent of his community-corrections officer. Officer Condrey’s report also stated that Watson was no longer eligible for the community-corrections program. Officer Condrey recommended that Watson be removed from the community-corrections program and remanded to the custody of the Alabama Department of Corrections.
Officer Condrey also filed a notice-of-court-hearing form, which stated:
“I have this date provided the probationer with a copy of [the delinquency] report and I have advised the probationer that (s)he will appear before the Court should they wish to admit to the violation; I have further advised the probationer of his right to deny violation of probation at which time a PROBATION REVOCATION COURT HEARING will be scheduled at a later date. I have advised the probationer that at that time, (s)he may have his/her witnesses testify at the hearing, may present written statement, or may present any documents or evidence, may be represented by an attorney, may confront and cross-examine witnesses testifying against the probationer, and that the probationer will receive a copy of the report.”
(C. 11.) Watson signed the form indicating that the form had been read to him, that he had received a copy of the allegations against him, and that he denied the allegations. Id.
Thereafter, on June 5, 2014, Watson appeared with counsel for his initial appearance. At that point, the circuit court informed Watson of the alleged violations. After the circuit court informed Watson of the alleged violations, the following occurred:
*897 “[Counsel]: Judge, he will enter an admission except for ..: the new offense.
Other than that, do you admit?
“[Watson]: Yes, sir.
“The Court: Okay, based upon your admission that you violated the terms of your Community Corrections Program, the Court finds that you have •violated the rules of the Community Corrections Program.
“Your Community Corrections Program sentence is revoked and you are remanded to the Department of Corrections, to serve the balance o’f your 15-year sentence.
“[Also,] [h]is split is revoked. He will serve the 15-year sentence.”
(R. 2-3.)
On appeal, Watson argues that his admission at his initial appearance was insufficient to waive his right to a revocation hearing. Specifically, Watson argues, that the circuit court failed to comply with Rule 27.6(c), Ala. R.Crim. P., before accepting his admission. Because the circuit court failed to comply with Rule 27.6(c), Ala. R.Crim. P., his admission did not waive his right to a hearing and the circuit court erred by revoking his probation without conducting a hearing. I agree.
As the majority correctly notes in its unpublished memorandum: “[t]he revocation of a sentence served under a community-corrections program is treated the same as a probation revocation. See § 15-18 — 175(d)(3)(b), Ala:Code 1975; Richardson v. State, 911 So.2d 1114 (Ala.Crim.App.2004) (treating the revocation of a community-corrections sentence as a probation revocation).” Further, the Alabama Supreme Court has instructed that “[a] probationer who makes his initial appearance under Rule 27.5, Ala. R.Crim. P., is entitled to a revocation hearing. Rule 27.5(a)(4), Ala. R.Crim. P.” Ex parte Anderson, 999 So.2d 575, 577 (Ala.2008). “Section 15-22-54, Code of Alabama-1975, requires a hearing as a prerequisite to the revocation of probation. This statutory requirement is mandatory und jurisdictional.” Wagner v. State, [Ms. CR-13-1400, Feb. 6, 2015] — So.3d -, -(Ala.Crim.App.2015). See also Moore v. State, 54 So.3d 442, 443 (Ala.Crim.App.2010) (recognizing that a probationer may assert a claim that the circuit court failed to hold a revocation hearing for the first time on appeal).
A probationer may waive his right to a revocation hearing by admitting to violating the terms his probation. See Ex parte Anderson, 999 So.2d, at 577. To do so, however, the probationer must be “ ‘given sufficient prior notice of the charges and sufficient notice of the evidence to be relied upon’” and the court must comply with “ ‘the requirements of Rule 27.6(c).’ ” Ex parte Anderson, 999 So.2d at 577 (“The probationer may waive his right to a revocation hearing if he is given ‘sufficient prior notice -of the charges and sufficient notice of the evidence to be relied upon’ and if he' ‘admits, under the requirements of Rule 27.6(c), that he committed the alleged violation.’ - Rule 27.5(b), Ala. R.Crim. P.”); see also Wagner, — So.3d at-(“Pursuant to Rule 27.5(b), Ala. R.Crim. P., a probationer may waive his right to a revocation hearing if: ‘(1) The probationer has been given sufficient prior notice of the charges and sufficient notice of the evidence to be relied upon; and (2) The probationer admits, under the requirements of Rule 27.6(c), that he committed the alleged violation.’ ” (quoting Phillips v. State, 755 So.2d 63, 65 (Ala.Crim.App.1999))); Vallandingham v. State, 4 So.3d 569, 571 (Ala.Crim.App.2008) (same). ■
*898 . “As to his admissions, through counsel, . to the violations, Rule 27.6(c); Ala. R.Crím. P., states:
“(c) Admissions by the Probationer. Before accepting an admission by a probationer that the probationer has violated a condition or regulation of probation or an instruction issued by the probation officer, the court shall address the probationer personally and shall determine that the proba-. , tioner understands the following:
“(1) The nature of the violation to which an admission is offered;
“(2) The right under section (b) to be represented by counsel;
“(3) The right to testify and to present witnesses and’ other evidence on probationer’s own behalf and to cross-examine adverse witnesses under subsection (d)(1); and
“(4) That, if the alleged violation involves a criminal offense for which the probationer has not yet. been tried, the probationer may still, be tried for that offense, and although the probationer may not be required to testify,, that any. statement made, by the probationer at the present proceeding may be used against the probationer at a subsequent proceeding or trial.
“The court shall also determine that the probationer waives these rights, that the admission is voluntary and not the result of force, .threats, coercion, or promises, and. that there is a factual basis for the admission.”
Wagner, — So.3d at - (footnote omitted). The failure to ensure that the probationer has been given sufficient prior notice .of the charges and sufficient notice of the evidence to be relied upon or the failure to comply with Rule 27.6(c), Ala. R.Crim. P.,,will result in an admission that is insufficient to waive the right to a probation revocation hearing. . See Ex parte Anderson, 999 So.2d at 577; Wagner, — So.3d at -.
Here, the circuit court failed to comply with Rule 27.6(c), Ala. R.Crim. P. The court did not address Watson during the initial appearance to determine whether he understood his rights under-Rule 27.6(c), Ala. R.Crim. P., or to determine whether he understood the rights contained on Officer Condrey’s form. Cf. Waddle v. State, 784 So.2d 367, 370 (Ala.Crim.App.2000) (holding that a signed Ireland form alone is insufficient to establish that a defendant understood the rights he was waiving when pleading guilty). More importantly, the circuit court failed to address Watson to determine whether his “admission [was] voluntary and not the result of force, threats, coercion, or promises — ” Id. In fact, the circuit court did not address Watson at all. Rather, the circuit court relied on nothing more than counsel’s statement that Watson would admit to violating the terms of the community-corrections program with no indication that Watson understood the rights he was waiving. Thus, the circuit court failed to comply-with Rule 27.6(c), Ala. R.Crim. Pi
Because the circuit court failed to comply with Rule 27.6(c), Ala, R.Crim. P., before accepting Watson’s admission, that admission was insufficient to constitute a waiver of a revocation hearing. See Ex parte Anderson, 999 So.2d at 577. Therefore, I believe that the circuit court violated Watson’s right to a revocation hearing, Consequently, - I respectfully dissent from the majority’s decision to affirm the circuit court’s revocation of Watson’s sentence to a community-corrections program.