JOINER, Judge.
On April 29, 2010, Julio Mantez was adjudicated guilty of unlawful possession of controlled substances, a violation of § 13A-12-212(a)(l), Ala.Code 1975 (C. 7); the Madison Circuit Court sentenced Man-tez to, among other things, a two-year term of imprisonment, which it suspended, and two years’ supervised probation. (C. 5.) On December 8, 2010, an “Order of Probation and Parole Officer Authorizing Arrest of Probation Violator” was issued and, on this same date, Mantez was arrested. (C. 4.) In a “Supervisor’s Report of Delinquent Probationer,” dated December 28, 2010 (“the supervisor’s report”), Man-tez was charged with violating the terms of his probation in three ways: (1) failing to avoid injurious or vicious habits; (2) failing to pay supervision fees, and; (3) failing to pay court-ordered moneys. (C. 5.)
With respect to the first charge — that Mantez failed to avoid injurious or vicious *584 habits — the facts provided in the supervisor’s report indicate the following:
“On 05-05-2010 Mr. Mantez admitted to and signed a drug use form stating that he illegally used Marijuana on 04-06-2010 and Cocaine on 04-26-2010.[1] On 6-30-2010 Mr. Mantez admitted to and signed a drug use form stating that he illegally used [Lortab] pills on 06-27-2010. On 08-31-2010 Mr. Mantez admitted to and signed a drug use form stating that he illegally used [Lorcet] pills on 08-10-2010. On 12-08-2010 Mr. Mantez admitted to and signed a drug use form stating that he illegally used Valium pills on 11-19-2010.”
(C. 5.) Regarding the second charge— that Mantez failed to pay supervision fees — the facts provided in the supervisor’s report indicate that “Mr. Mantez currently has a $60.00 arrearage.” (C. 5.) Finally, as to the third charge — that Mantez failed to pay court-ordered moneys — the facts provided in the supervisor’s report indicate that “Mr. Mantez is currently behind on his Court Ordered Money payments, having last paid on 07-16-2010.” (C. 6.)
On January 27, 2011, following a hearing, the circuit court entered an order purporting to revoke Mantez’s probation. According to the order, the circuit court found that Mantez failed to pay supervision fees, failed to pay court fees, and admitted using various drugs. (C. 9.) The circuit court concluded that Mantez’s violations amounted to 5 separate “technical violations” of his probation[2] and ordered Mantez to serve 5 consecutive 90-day terms in the state penitentiary, for a total confinement of 450 days. (C. 9; R. 5-6.) Notably, however, the circuit court stated in the hearing: “I’m going to ... recommended that he apply to Life Tech[3] and if he is admitted into that program and successfully completes it, then I will terminate his probation.” (R. 5 (emphasis added).) Mantez now appeals.
Mantez argues, among other things, that his acts did not amount to 5 separate probation violations and, further, that the circuit court was without authority to order him to be confined in the state penitentiary in excess of 90 days. (Mantez’s brief, pp. 2-3.) The State argues, however, that the trial court properly revoked Mantez’s probation; the State also argues that the period of confinement imposed by the circuit court is lawful because, the State says, Mantez is not eligible for consideration under the technical-violator statutory provision, and, thus, according to the State, the term of imprisonment is proper. We do not reach Mantez’s arguments because we agree with the State that Mantez is not eligible for consideration under the technical-violator statutory provision, § 15-22-54, Ala.Code 1975. We affirm in part, reverse in part, and remand.
“ ‘A probation-revocation hearing is a bench trial and the trial court is the sole fact-finder.’ ” Smiley v. State, 52 So.3d 565, 568 (Ala.2010) (quoting Ex parte Abrams, 3 So.3d 819, 823 (Ala.2008)).
‘“Absent a clear abuse of discretion, a reviewing court will not disturb a trial *585 court’s conclusions in a probation-revocation proceeding, including the determination whether to revoke, modify, or continue the probation. A trial court abuses its discretion only when its decision is based on an erroneous conclusion of law or where the record contains no evidence on which it rationally could have based its decision.’ ”
McCain v. State, 33 So.3d 642, 647 (Ala.Crim.App.2009) (quoting Holden v. State, 820 So.2d 158, 160 (Ala.Crim.App.2001) (citations omitted)). In this case, however, “[Mantez’s] case involves only issues of law and the application of the law to undisputed facts. Thus, our review is de novo.” Ex parte Walker, 928 So.2d 259, 262 (Ala.2005).
Section 15-22-54(d)(l), Ala.Code 1975,[4] sets out options for a court in the event a probationer violates a condition of his or her probation:
“(1) If the defendant violates a condition of probation or suspension of execution of sentence, the court, after a hearing, may implement one or more of the following options:
“a. Continue the existing probation and suspension of execution of sentence.
“b. Issue a formal or informal warning to the probationer that further violations may, subject to paragraph f., result in revocation of probation or suspension of execution of sentence.
“c. Conduct a formal or informal conference with the probationer to reemphasize the necessity of compliance with the conditions of probation.
“d. Modify the conditions of probation or suspension of execution of sentence, which conditions may include the addition of short periods of confinement.
“e. If the violation of probation is the commission of a new offense, revoke the probation or suspension of execution of sentence. If the court revokes probation, it may, after a hearing, impose the sentence that was suspended at the original hearing or any lesser sentence.
“f. If the probation violation is a technical violation, defined as a violation of a condition of probation other than the commission of a new offense, an eligible offender may be required to serve a term of not more than 90 days imprisonment in a Department of Corrections facility, which may include participation in the restart program, LIFETech program, or a technical violator program or, if no space is available in a Department of Corrections facility, not more than 90 days in the county jail.”
As indicated above, subsection f. provides the court with the ability to impose certain penalties in the event the court determines that a probation violation is technical; subsection f. dictates, however, that this option is available only if the violator is “an eligible offender.” § 15-22-54(d)(l)f., Ala. Code 1975. The term “eligible offender” is defined in § 15-22-54(d)(2)a., Ala.Code 1975:
“(2)a. An eligible offender subject to paragraph f. of subdivision (1) is a nonviolent felon serving a probationary sentence who has violated a condition or conditions of probation other than by the commission of a new offense and who has performed the conditions of probation, including remaining current on *586 payment of court ordered money, for a consecutive six-month period.”
As a preliminary matter, neither party argues that there was insufficient evidence on which to conclude that Mantez had violated the conditions of his probation; in fact, Mantez admitted that he had violated the conditions of his probation. (R. 2.) At the hearing, the circuit court found “that [Mantez] is in violation of his probation and ... that [Mantez] technically violated his probation on 5 separate occasions”; consequently, the circuit court imposed “5 separate 90-day sentences, [to] run[ ] consecutively.” (R. 5.) Although the -written order indicates that the circuit court “ordered that [Mantez’s] probationary status is revoked” (C. 5), the hearing transcripts reflect that the circuit court intended to impose a term of imprisonment pursuant to the technical violator statutory provision and terminate Mantez’s probation only after successful completion of the LIFETech program. (R. 5.)
As the State correctly asserts, however, Mantez is not eligible for consideration under the technical-violator statutory provision. In accordance with the language of § 15 — 22—54(d)(1 )f., Ala.Code 1975, a court may impose a term of imprisonment for a technical violation of probation only if the defendant is an “eligible offender”; as noted above, an “eligible offender” is “a nonviolent felon ... who has violated a condition ... of probation ... and who has performed the conditions of probation, including remaining current on payment of court ordered money, for a consecutive six-month period.” § 15-22-54(d)(2)a., Ala.Code 1975.
In this case, however, Mantez was on probation from April 29, 2010, until he was arrested on December 8, 2010, during which time he admitted illegally using prescribed medications on various dates in violation of the condition of his probation that he “avoid injurious or vicious habits.” (C. 5.) In light of the length of Mantez’s probation, along with Mantez’s admitted drug use, Mantez did not perform the conditions of his probation for a consecutive six-month period, and, thus, he is not an eligible offender.[5] § 15-22-54(d)(2)a., Ala. Code 1975. Because he is not an eligible offender, the trial court was without authority to impose a term of imprisonment pursuant to the technical-violator statutory provision.[6]
Although we affirm the decision of the circuit court insofar as it found that Man-tez violated his probation, we reverse the decision of the trial court to the extent that it imposed a term of imprisonment under the technical-violator statutory provision, and we remand this cause for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
WELCH, P.J., and WINDOM, KELLUM, and BURKE, JJ., concur.

1. Mantez’s admitted use of marijuana and cocaine occurred before the date on which he was placed on probation; the remaining instances of drug usage, however, occurred during the time Mantez was on probation.

. See 15 — 22—54(d)(l)f., Ala.Code 1975 ("If the probation violation is a technical violation, defined as a violation of a condition of probation other than the commission of a new offense, an eligible offender may be required to serve a term of not more than 90 days imprisonment in a Department of Corrections facility....”).

3.The judge was apparently referring to a program operated by the Alabama Board of Pardons and Paroles known as Life Skills Influenced by Freedom and Education Tech.

. This statutory provision, along with § 15-22-54.1, Ala.Code 1975, were amended effective June 14, 2011. Act No. 2011-696, Ala. Acts 2011. For the purposes of this appeal, we reference the pre-amendment language.

. This conclusion is bolstered by the circuit court's finding that Mantez was also behind on payment of court-ordered moneys. (C. 9.)

. We recognize that, had the circuit court made certain factual findings, the circuit court could have revoked Mantez's probation and “imposed the sentence that was suspended at the original hearing or any lesser sentence.” § 15-22-54(d)(l)e., Ala.Code 1975. The record does not indicate, however, that the circuit court made such findings nor does it indicate that the circuit court intended to impose Mantez's original suspended sentence or some lesser sentence. Instead, the record reflects that the circuit court found that Man-tez was a technical violator and imposed a term of imprisonment pursuant to the technical-violator statutory provision.