MAIN, Justice.
This case involves the propriety .of a probation-revocation hearing. The petitioner, the State of Alabama, filed in the DeKalb Circuit Court (“the trial court”) a petition to revoke the probation of Carless Ledon Wagner based on allegations that Wagner, on March 19, 2014, violated two conditions of his probation. On March 29, 2014, the trial court held a probation-revocation hearing; at the end of the hearing, the trial court revoked Wagner’s probation and “order[ed] [Wagner] to serve .the remainder of [his] sentence in the custody of the Department of Corrections.” Wagner appealed to the Court of Criminal Appeals; that court reversed the trial court’s judgment, finding that Wagner had not received a probation-revocation hearing “in compliance with § 16-22-54, Ala.Code 1976, and Rule 27.6(c), Ala. R.Crim. P.” Wagner v. State, 197 So.3d 511, 516 (Ala.Crim.App.2015). The State petitioned this Court for a writ of certiorari; we granted the petition. We reverse and remand.

I. Facts and Procedural History

In 2007, Wagner pleaded guilty in the trial court to one count of first-degree rape and one count of first-degree burglary. The trial court sentenced Wagner to 2 terms of 20 years’ imprisonment, to be served concurrently; the sentences were split, and the trial court ordered Wagner to serve 5 years’ imprisonment followed by 5 years’ probation.
On March 19, 2014, Wagner’s probation officer, Jonathan Phillips of the State of *519 Alabama Board of Pardons and Paroles, conducted a home visit at Wagner’s residence. After noting suspicious behavior on the part of Wagner and another person present at the residence, Jody Daniel Phillips, Officer Phillips told Wagner “to report to court referral to.drug test.” The result of the drug test was that Wagner tested positive for methamphetamine. On March 20, 2014, Officer Phillips filed a delinquency report, charging Wagner with violating two terms of his probation: (1) “condition number 2” of his probation, alleging in his report that Wagner had “fail[ed] to avoid injurious or vicious habits,” and (2) “condition number 3” of his probation, alleging in his report that Wagner had “fail[ed] to avoid persons of disreputable or harmful character.” As, to the second charge, Officer Phillips specifically alleged that Wagner had violated his probation by failing to avoid a person of disreputable or harmful character, namely, Jody Phillips, who, the report states, “is a convicted felon a known drug user.” Officer Phillips’s delinquency report recommended “that Wagner be brought before the [trial] court to give just cause as to why his probation should not be revoked.” Officer Phillips’s report also required Wagner to attend in-patient drug treatment “until the [trial] court makes it’s [sic] final decision.”
On March 24, 2014, the State filed a petition to revoke Wagner’s probation “for violation of the terms of the ... probation as set out in [Officer Phillips’s] DELINQUENCY REPORT....” (Capitalization in original.) The trial court set a hearing for April 7, 2014, at which Wagner was to appear “and show cause why [his] ... probation should not be revoked and the unserved portion of [his] sentence ordered into effect.” Wagner did not appear at that hearing; approximately one week later, law-enforcement officers arrested Wagner for violating his probation, and Wagner subsequently made an initial appearance before the trial court.[1] At that time, the trial court set Wagner’s probation-revocation hearing for May 29, 2014. The trial court conducted Wagner’s probation-revocation hearing on May 29, 2014, and, on June 3, 2014, the trial court entered the following order, revoking Wagner’s probation:
“This matter came for a hearing on the 29th day of May 2014 regarding the State’s Petition to Revoke [Wagner’s] Probation. Carless Wagner was present with his appointed attorney, Chris Run-yan, Esq.; and Robert Johnston, Esq., was present on behalf of the State of Alabama.
“Mr. Wagner was convicted on or about November 30, 2007, for Rape in the First Degree and Burglary in the First Degree. He was sentenced to twenty (20) years with a split to serve five (5) years, and after serving the initial five year portion he was placed on five (5) years of probation. Mr. Wagner has been on probation since March 8, 2012.
“The State of Alabama filed this petition to revoke because on or about March 19, 2014, Probation Officer Jonathan Phillips conducted a visit to Mr. Wagner’s home. Officer Phillips noted that [Wagner] ‘was acting suspicious when he exited a small building that had a camera at the front door.’ The only other person at the residence with Mr. Wagner was another convicted felon Jody Daniel Phillips. Mr. Wagner was sent for á drug screen and tested positive for methamphetamine. At the [probation-revocation] hearing, Mr. Wagner *520 admitted to the charges contained-in the State’s petition.
“After considering ' the original charges, reviewing the pleadings filed, conducting a hearing, considering the arguments advanced at the hearing, and applying the law to the facts, it is hereby ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:
“1. That the Defendant, Carless Wagner’s probation is hereby REVOKED, and he shall serve the remainder of his sentence in the custody of the Alabama Department of Corrections.
“2. That [Wagner] is entitled to jail credit for the time he spent in the De-Kalb County Detention Center awaiting this hearing.”
(Emphasis added; capitalization in original.)
Wagner moved the trial court for a new hearing, arguing, in relevant part, that “[he] was denied his right- to a hearing as required by Alabama Code [1975,] §' 15-24 — 54[,[2]] and Rule 27.6 of the Alabama Rules of Criminal Procedure. Moore v. State, 54 So.3d 442 (Ala.Crim.App.2010), D.L.B. v. State, 941 So.2d 324 (Ala.Crim.App.2006).” The trial court denied the motion. Wagner then appealed to the Court of Criminal Appeals. In an opinion authored by Judge Burke, the Court of Criminal Appeals reversed the trial court’s order. See Wagner, supra. The Court of Criminal Appeals overruled the State’s application for a rehearing. The State then petitioned this Court for a writ of certiora-ri to review the Court of Criminal Appeals’ decision, which this Court granted.

II. Analysis

The issue presented for our review is straightforward: Whether Wagner’s probation-revocation hearing complied with Rule 27.6(c), Ala. R.Crim. P. Wagner claims that it did not; the State claims that it did.[3] We agree with the State.
Rule 27.6, Ala. R.Crim. P., addresses the revocation of probation. Rule 27.6(a) provides that “[a] hearing to determine whether probation should be revoked shall be held before the sentencing court within a reasonable time after the probationer’s initial appearance.” It cannot be disputed that such a probation-revocation hearing was. held; the transcript of that hearing appears in the record on appeal. The sole issue for our determination is whether the trial court satisfied the conditions of Rule 27.6(c), entitled “Admissions by the Probationer,” during Wagner’s hearing.[4]
Rule 27.6(c) provides, in toto:
*521 “Before accepting an admission by a probationer that the probationer has violated a condition or regulation of probation or an instruction issued by the probation officer, the court shall address the probationer personally and shall determine that the probationer understands the following:
“(1) The nature of the violation to which an admission is offered; ■
“(2) The right under section (b) to be represented by counsel;
“(3) The right to testify and to present witnesses and other evidence on probationer’s own behalf and to cross-examine adverse witnesses under subsection (d)(1); and
“(4) That, if the alleged violation involves a criminal offense for which the probationer has not yet been tried, the probationer may still be tried for that offense, and although the probationer may not be required to testify, that any statement made by the probationer at the present proceeding may be used against the probationer at a subsequent proceeding or trial.
' “The court shall also determine that the probationer waives these rights, that the admission is voluntary and not the result of force, threats, coercion, or promises, and that there is a factual basis for the admission.”[5]
We now address whether the trial court complied with the provisions of Rule 27.6 before it accepted Wagner’s admissions.

A. Did Wagner understand the nature of the violation to which Wagner’s admissions were offered?

It is without question that the trial court notified Wagner of “[t]he nature of the violation[s] to which [his] admission[s] [were] offered.” Rule 27.6(c)(1). The following exchange occurred during the May 29, 2014, probation-revocation hearing, at which Wagner was present with his attorney: .
“[THE COURT]: Mr. Runyan [Wagner’s counsel], have you, received a copy and has your client received a, copy of this petition to revoke? ■ ■
“MR. RUNYAN: Yes, Your Honor, we have.
“THE COURT: And let me go through these charges with you, and we’ll go from there.
“Charge No. 1 is that’ [Wagner] failed to avoid injurious or vicious habits.. It says that they — probation officer’s authorization of arrest has not be issued, but he will be requiring Wagner to attend The Bridge[6] until his revocation court date.
“The details of that offense were: On March 19th, 2014, the officer conducted a home visit on Mr. Wagner. He was acting suspicious when he exited a small building that had a camera at the front door. Wagner met the officer at the vehicle arid was reluctant to move toward the building with him. When he got to the building he noticed another person inside who was identified as Jody Daniel Phillips. Phillips was acting paranoid and wouldn’t' stop' putting his hand behind his back.- Phillips also had a severe ease of dry mouth, which follows the use of methfamphetamine].- [Officer Phillips] [t]old Wagner to report to court referral to drug test. “Wagner’s drug screen -confirmed my suspicion. Wagner was positive for meth[amphetamine].’
*522 [[Image here]]
“THE COURT: Charge No. 2 is Failure to Avoid Persons of Disreputable or Harmful Character. [The delinquency-report] [s]ays, [o]n March 19th, the officer contacted [sic] a home visit on Wagner. ‘[Wagner] was acting suspicious when he exited a small building that had a camera at the front door’ and, again, goes through the same facts but adds that [Jody] Phillips is a convicted felon and known drug user.”
Little analysis is required here. After the trial court made clear the probation violations of which Wagner was being accused, Wagner’s attorney “admitted] that charge]” each time. Nothing in the record shows that Wagner was not notified of the charges against him or that he did not understand the nature of those charges.

B. Did Wagner understand that he had the right under Rule 27.6(b) to be represented by counsel?

Rule 27.6(b) provides that “[t]he probationer is entitled to be present at the hearing and to be represented by counsel.” It is without dispute that Wagner was present at the hearing and that he was represented by court-appointed counsel.

C. Did Wagner understand that he had the right to testify and to present witnesses and other evidence on his own behalf and to cross-examine adverse witnesses under Rule 27.6(d)(1) ?

The trial court posed the following questions to the defense during the hearing: (1) “Do you have any evidence to offer as to why the Court should not revoke [Wagner’s] probation?”; (2) “Is there anything you [Wagner] would like to add?”; and (3) “Would you [Wagner] like to put on any witnesses to support your position?”
As to questions (1) and (2), Wagner, through counsel, answered, in toto:
‘Tour Honor, [Wagner] entered his guilty plea on November the 30th, 2007. He was released on probation [on] March 8th, 2012. He was in compliance [with his probation conditions] for 2 years and 11 days and was reporting to his probation officer. He was complying with notification requirements. And until this hiccup that we’re here for now, he’s been in total compliance.”
As to question (3), Wagner, through counsel, answered, in toto: “We have no witnesses, Your Honor.” Also, with regard to Wagner’s right “to cross-examine adverse witnesses,” we note that the State called no witnesses. The only person to speak on behalf of the State was DeKalb County Assistant District Attorney Robert Johnston; he was not called as a witness, and his statements during the hearing are not considered evidence. See, e.g., Barrett v. Roman, 181 So.3d 364, 373 (Ala.Civ.App.2015) (“Of course, statements of counsel are not evidence. Hicks v. Jackson Cnty. Comm’n, 990 So.2d 904, 905 n. 1 (Ala.Civ.App.2008).”). Thus, Wagner was not denied his right “to testify and to present witnesses and other evidence on [his] own behalf and to cross-examine adverse witnesses.”

D.Was Wagner informed that any statement made by him at the present proceeding may be used against him at a subsequent proceeding or trial?

This Court cannot find in the hearing transcript where the trial court advised Wagner that any statement made by him during the probation-revocation hearing could be used against him at a subsequent proceeding or trial. However, this Court finds that omission to be harmless error because, for all that appears, Wagner’s probation violations do not involve criminal offenses for which Wagner could be subse *523 quently tried. See Rule 27.6(c)(4). •• During the hearing, Wagner admitted only to (1) “failing] to avoid injurious or vicious habits” and (2) “failing] to avoid persons of disreputable or harmful character.” These are undoubtedly poor personal choices but not, as best we can determine from our research, criminal offenses (other than the fact that they constitute violations of Wagner’s probation in this case) for which Wagner could be prosecuted. Thus, the trial court’s failure to advise Wagner of this particular right is nothing more than harmless error, i.e., error that did not “injuriously affect[ ] [Wagner’s] substantial rights” in this case. See Rule 45, Ala. R.App. P.:
“No judgment may be reversed ... unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties.”

E. Did the court determine that Wagner waived these rights, that the admission ^vas voluntary and not the result of force, threats, coercion, or promises, and that there was a factual basis for the admission?

First, as noted above, Wagner was asked by the trial court (1) whether he had any witnesses to offer; (2) whether he had any evidence to present; and (3) a rather open-ended and far-reaching question regarding whether Wagner “had anything to add.” Thus, the trial court gave Wagner three opportunities to make any argument, present any evidence, or offer any witr nesses as to any allegations that he was not voluntarily admitting to the probation violations but that, instead, his admissions were the result of “force, threats, coercion, or promises.” See Rule 27.6(c). The question must be asked: How many opportunities is the trial court required to give a probationer to present a defense as to any aspect or issue regarding his or her probation-revocation hearing? Are three opportunities offered to the probationer to address the trial court in some manner regarding any alleged violation of his or her legal rights not more than enough? We conclude that the trial court provided Wagner ample opportunities to address the trial court regarding the voluntary nature of his admissions. We find it particularly notable'that, as Wagner states in his appellate brief, “Wagner never spoke [during the hearing].” Wagner’s brief, at 18 (emphasis in original). Now, however, Wagner seeks redress because he allegedly was stripped of virtually all of his statutory rights with regard to his probation-revocation hearing. We find this argument unavailing.
Furthermore, there certainly existed a factual basis for Wagner’s admissions, even beyond Wagner’s own admissions of guilt.[7] The trial court had before it the firsthand account of the probation violations Officer Phillips observed at Wagner’s residence in the.form of Officer Phillips’s delinquency report. The facts stated in that report were read aloud during the hearing, and Wagner did not dispute them or object in any manner. Wagner’s only defense was, in effect, “I did right for a while so please give me another chance.” *524 The trial court rejected that plea for mercy because one of Wagner’s underlying convictions was for the crime of first-degree rape; his plea of “please give me another chance” rings hollow in light of the fact that Wagner was convicted of first-degree rape and first-degree burglary, that he served only five years’ in prison, and that he still would not conform his behavior to the laws of this State,[8]
In sum, Wagner received a hearing that substantially conformed to the requirements of Rule 27.6(c), certainly to the extent that the spirit of the rule was fully complied with. Thus, the judgment of the Court- of Criminal Appeals is due to be reversed.

III. Conclusion

We reverse the judgment of the Court of Criminal Appeals and remand the cause to that court for proceedings consistent with this opinion.
REVERSED AND REMANDED.*
STUART, BOLIN, SHAW, WISE, and BRYAN, JJ., concur.
MOORE, C.J., and PARKER and MURDOCK, JJ., dissent.

. It is unclear-from' the record on appeal whether Wagner’s' initial appearance occurred on April 11, 2014, or on April 14, 2014.

, Wagner incorrectly cited § 15-24-54, Ala. Code 1975; the correct cite is § 15-22-54, Ala.Code 1975.

. Section 15-22-54, Ala.Code 1975, is cited by both the State, see State’s brief, at 5, and Wagner, see Wagner’s brief, at 15; however, neither party explains the relevance of this-statute to this case; therefore, it will not be discussed in this opinion. It is well settled that it is not the function of this Court to create legal arguments for the parties before us. See, e.g., Spradlin v. Spradlin, 601 So.2d 76, 78 (Ala.1992), (citing Henderson v. Alabama A & M Univ., 483 So.2d 392, 392 (Ala.1986)).

.Rule 27.6(c) unquestionably governs here. It is undisputed that Wagner's counsel admitted during the probation-revocation hearing that Wagner was guilty of violating conditions 2 and 3 of his probation. The fact that Wagner’s counsel rather than Wagner himself made those admissions is immaterial to the effectiveness of those admissions. See, e.g,, Massey v. Educators Inv. Corp. of Alabama, Inc., 420 So.2d 77, 78 (Ala.1982) ("A party’s attorney is deemed to be an agent of the party....” (citing Anthony v. Anthony, 221 Ala. 221, 128 So. 440 (1930))). “Agent” is defined as ”[s]omeone who is authorized to act for or in place of another.” Black's Law Dictionary 75 (10th ed.2014).

. Rule 27.6 mandates that "the court shall address the probationer personally,” not that the court require the probationer to personally answer. . . ■

. ‘‘The Bridge” is a drug-addiction treatment center.

. Wagner’s counsel argues rather speciously that the State offered no factual basis for Wagner’s admissions. As noted, Officer Phillips, an employee of the State of Alabama Board of Pardons and Paroles, submitted to the trial court a factual basis (undisputed by Wagner) for Wagner’s admissions by way of his delinquency report. With the facts in the report being undisputed and Wagner admitting his guilt, it would require an ubertechnical reading of Rule 27.6(c) to conclude that there was no factual basis for Wagner’s admissions.

. Notably, the State-asserted during the hfear-ing that, "if there's a zero-tolerance policy that’s still appropriate for anyone, then it’s appropriate for someone who has committed rape and is on probation.”

 Note from the reporter of decisions: On December 18, 2015, on remand from the Alabama Supreme Court, the Court of Criminal Appeals affirmed, without opinion.