Rel: August 23, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2023-2024

_____

## CR-2022-1234

_____

## Steven Brad Mulkey

### v.

## State of Alabama

## Appeal from Calhoun Circuit Court
## (CC-18-1367.71)

On Application for Rehearing

COLE, Judge.

The opinion issued on May 3, 2024, is withdrawn, and the following is substituted therefor.

Steven Brad Mulkey appeals the Calhoun Circuit Court's judgment revoking his probation based on his failing to complete a required rehabilitation program.[1] We affirm.

<u>Facts and Procedural History</u>

Mulkey was convicted of first-degree burglary, a violation of § 13A-7-5, Ala. Code 1975, and was sentenced to 120 months in prison. That sentence was split and Mulkey was ordered to serve 18 months' imprisonment, and the balance of the sentence was suspended for Mulkey to serve 102 months of probation. Mulkey began serving probation on January 16, 2021, and, on May 23, 2022, he received a 25-day "dunk" for violating his probation by failing to report as directed. On August 18, 2022, Mulkey's probation officer filed a delinquency report, alleging that Mulkey had again violated his probation by failing to submit to treatment and monitoring, another technical violation. In

---

[1]Section 15-22-54(e)(1)(a), Ala. Code 1975, provides that probation shall be revoked for a technical violation "[i]f the underlying offense was a violent offense as defined in Section 12-25-32 and a Class A felony." Because Mulkey's underlying offense was a first-degree burglary, a Class A felony under § 13A-7-5, Ala. Code 1975, and a violent offense under § 12-25-32(15)(a)(22), Ala. Code 1975, Mulkey was subject to revocation upon the circuit court's finding to a "reasonable satisfaction" that he committed a technical violation.

2021, Mulkey was "being prosecuted on a new criminal charge" and was ordered to complete the "Seven Springs" rehabilitation program as a condition of reinstatement of his probation. Mulkey, however, left the program before completion, resulting in "Mulkey's third delinquency report since being placed on probation." (C. 5.) Mulkey was arrested on August 25, 2022, for absconding.

At Mulkey's initial appearance before the circuit court, he was advised of his "rights to and under [a] probation revocation hearing." (C. 11.) Mulkey stated that he understood his rights and that he wanted a revocation hearing. The circuit court appointed counsel to represent Mulkey and set Mulkey's revocation hearing for September 21, 2022.

Mulkey was present with counsel at his revocation hearing. The circuit court asked Mulkey's counsel if he and Mulkey had reviewed the report. Mulkey's counsel acknowledged looking at the report and stated: "I would like to present, you know, Mr. Mulkey was in rehab at one point, and <u>he did leave that rehab</u>. However, [Mulkey] has been accepted to another rehab ... <u>That's correct</u>." (R. 3 (emphasis added).) Mulkey's counsel then asked the circuit court to give Mulkey another opportunity to comply with probation and asked that Mulkey be "release[d] on the

condition that he does go to Seven Springs and he does mandatorily complete that program." (R. 3.) Mulkey's counsel also told the circuit court that, if Mulkey is given another chance and again "leaves" the program, "then he needs to be right back where he is right now wearing this jump suit." (R. 3.) Mulkey's probation officer volunteered that after Mulkey left the court-ordered program at "Seven Springs," Mulkey "showed up in [his] office saying he was given permission by his attorney to leave." (R. 4.) Mulkey's counsel vehemently denied giving "such advice." The circuit court stated its understanding that "there's no question [Mulkey] did not submit to treatment and monitoring in terms of violation of [probation] condition number 10." (R. 4.) Mulkey's counsel again responded with an admission that "[Mulkey's] learned his lesson, Judge." (R. 4.) Both Mulkey and his counsel proceeded to inform the court how many days Mulkey had spent in jail since his arrest. The circuit court asked Mulkey whether "you still feel like you need a hearing for the record because the probation officer is still recommending [Mulkey] be revoked." (R. 4.) The State's counsel responded "[t]hat would be their [Mulkey's and his counsel's] decision," but that he was "ready to go forward." (R. 4.) Mulkey's counsel immediately responded with yet

4

another admission that "[Mulkey's] owned up to [not completing the program], Judge. We're not trying to duck responsibility." (R. 5 (emphasis added).) Mulkey's counsel then instructed Mulkey to "apologize right now for telling them I said something I absolutely did not say." (R. 5.) Mulkey immediately responded, "I apologize for that. And for the record I didn't say that he told me I could leave. I said I called him after I left." (R. 5 (emphasis added).) Counsel confirmed that Mulkey "did do that," i.e., telephone counsel after he left the program. (R. 5.)

The circuit court summarized what had been said at the hearing, noting that Mulkey "is present in the courtroom … and he's represented by counsel, … and there has been an admission that he has, in fact, failed to submit to treatment and monitoring in violation of condition number 19, charge number one." (R. 5.) Mulkey and the court then discussed how much time Mulkey had already spent in prison. The circuit court concluded, based on "the stipulations by counsel for the defendant and the defendant himself being present in court," that the court was "reasonably satisfied [Mulkey] violated condition number 19, failure to submit to treatment and monitoring, of … his probation"; therefore, the

circuit court revoked Mulkey's probation. (R. 7.) Neither Mulkey nor his counsel made any additional statement, and the circuit court's written order revoking Mulkey's probation again expressly noted that Mulkey had admitted violating the condition of his probation.

On October 18, 2022, Mulkey moved the circuit court to reconsider the revocation of his probation. Mulkey's motion never alleged any error in his probation-revocation proceeding but only offered "mitigating factors and circumstances" as to why his "exit of '7 Springs Rehabilitation Program' should not result in his incarceration," namely that he "ha[d] been punished enough" and that, "with the exception of the twenty-five day 'Dunk' pursuant to this Court, [he] had proven himself an exemplary patient at 7 Springs." (C. 25, 30.) In short, Mulkey merely asked the circuit court, as he did at the hearing, to give him another opportunity to comply with the conditions of probation. This appeal follows.

<u>Standard of Review</u>

"The general rules of preservation apply in probation revocation proceedings." <u>Singleton v. State</u>, 114 So. 3d 868, 870 (Ala. Crim. App. 2012 (citing <u>Puckett v. State</u>, 680 So. 2d 980 (Ala. Crim. App. 1996)). It is well settled that "'to preserve an issue for appellate review the issue

must be timely raised and specifically presented to the trial court and an adverse ruling obtained.'" Cochran v. State, 111 So. 3d 148, 153-54 (Ala. Crim. App. 2012) (quoting Mitchell v. State, 913 So. 2d 501, 505 (Ala. Crim. App. 2005)). That a revocation hearing be held is a recognized exception to the general rules of preservation. See Singleton v. State, 114 So. 3d 868, 870 (Ala. Crim. App. 2012) (recognizing only four exceptions "to the preservation requirement in probation-revocation proceedings: (1) that there be an adequate written or oral order of revocation,[]; (2) that a revocation hearing actually be held,[] (3) that the trial court advise the defendant of his or her right to request an attorney[, and] … [(4)] that the circuit court erred in failing to appoint counsel to represent the defendant during probation-revocation proceedings") (emphasis added) (internal citations omitted).

In addition, a probation violation need not be proven "beyond a reasonable doubt." Rather, the circuit court need only be "reasonably satisfied" that a condition was violated. Singleton v. State, 209 So. 3d 529, 533 (Ala. Crim. App. 2015). Moreover, we will not disturb a circuit court's decision in a probation-revocation proceeding unless the circuit court has abused its discretion. See, e.g., Mantez v. State, 83 So. 3d 583,

7

584 (Ala. Crim. App. 2011). A circuit court "abuses its discretion only when its decision is based on an erroneous conclusion of the law or where the record contains no evidence on which it could have rationally based its decision." Id. at 585 (citations omitted).

Analysis

Mulkey argues on appeal that the circuit court erred by failing to hold a revocation hearing because, he says, a proper waiver was not made and, moreover, that the circuit court failed to comply with Rules 27.5(b) and 27.6(c), Ala. R. Crim. P., in finding that Mulkey waived his right to a hearing. The State argues that Mulkey's arguments are not preserved for appellate review because, it says, Mulkey never argued below that he was deprived of a hearing, that he did not waive his right to a hearing, or that the waiver rules were not followed. The State also contends that this Court has ceased recognizing a "distinction between no hearing and an 'inadequate' hearing" in determining whether an argument is preserved for appellate review. (State's brief, p. 19.) The State further contends that a circuit court's failure to comply with the waiver requirements of Rule 27 is not a recognized exception to the rules of preservation. In sum, the State argues that, if a hearing "was actually

held," any infirmities in that hearing, including the validity of a waiver, are not subject to appellate review unless preserved below. (State's brief, pp. 19-20.) The State then asks us to "return to [] long established jurisprudence and recognize that alleged inadequacies" in Mulkey's case -- whether a hearing was waived and whether the circuit court failed to comply with the waiver rules in Rules 27, Ala. R. Crim. P. -- were not preserved for appellate review. (State's brief, p. 20.) We now take this opportunity to clarify the application of the recognized exception to the rules of preservation that a probation-revocation hearing must occur.

I. <u>Is Mulkey's argument that he did not waive a revocation hearing preserved?</u>

The State contends that Mulkey's argument that he did not waive a revocation hearing is not preserved for appellate review. More specifically, the State argues that the following are not exceptions to the general preservation requirements: (1) the adequacy of a "hearing," (2) the adequacy of a waiver, and (3) the satisfaction of the Rule 27 waiver requirements. We address each of the State's contentions separately.

A. <u>What constitutes a hearing?</u>

The State first argues that there should be a "distinction between no hearing and an 'inadequate' hearing" and "only the complete failure

9

to conduct a hearing" should be addressed on appeal when unpreserved below. (State's brief, pp. 17, 19.) Contrary to the State's contention, however, a probationer's mere appearance before a circuit court does not constitute a "hearing" that would satisfy the "opportunity to be heard," which the minimum standards of due process require.

The Alabama Supreme Court clearly settled this matter in Ex parte Anderson, 999 So. 2d 575, 578 (Ala. 2008), in which that Court recognized that, if a probationer appears before the circuit court (which is a hearing in only the most rudimentary understanding of that word) and denies committing a probation violation, he or she must be afforded counsel and a revocation hearing. The Alabama Supreme Court clarified that to constitute a revocation hearing, the proceeding must encompass the full meaning of that word. In sum, when a probationer denies the factual basis of the charges that he or she violated probation, the minimum standards of due process require that a probationer be provided "'an opportunity to adduce proof and to argue (in person or by counsel) as to the inferences flowing from the evidence.'" Id. (emphasis added) (quoting Fiorella v. State, 121 So. 2d 875, 878 (Ala. 1960)). Indeed, this is how "[a] hearing ordinarily is defined." Id. (quoting Fiorella, 121 So.

10

2d at 878). Without this opportunity, or a valid waiver of that opportunity, "'<u>no</u> hearing was held.'" <u>Id.</u> (quoting <u>Anderson v. State</u>, 999 So. 2d 573, 575 (Ala. Crim. App. 2007) (Welch, J. dissenting)). This Court has properly followed <u>Ex parte Anderson</u>, repeatedly recognizing that if a probationer does not admit his violations, there is no waiver, and, if there is no waiver and no evidence is presented, then whatever "hearing" occurred is "no hearing" at all. <u>See, e.g.</u>, <u>Bailey v. State</u>, 372 So. 3d 560 (Ala. Crim. App. 2022); <u>Wilkerson v. State</u>, 372 So. 3d 573 (Ala. Crim. App. 2022); <u>Williford v. State</u>, 329 So. 3d 86, 91-92 (Ala. Crim. App. 2020); <u>Allen v. State</u>, 285 So. 3d 864 (Ala. Crim. App. 2019); and <u>Saffold v. State</u>, 77 So. 3d 178 (Ala. Crim. App. 2011).

In sum, a "hearing" is a hearing only if it satisfies the minimum standards of due process -- an opportunity to adduce proof and make arguments.

B. <u>Does the validity of a waiver constitute an exception to the rules of preservation?</u>

The State's second argument, that the lack of a valid waiver must be preserved to be addressed on appeal, also fails. The Alabama Supreme Court equally settled in <u>Ex parte Anderson</u>, supra, that the validity of a waiver necessarily constitutes an exception to the preservation rules.

11

See id. at 578 ("when he denied the charges, he was not afforded counsel and a revocation hearing for a later date was not set … a revocation hearing was not held and [] Anderson did not waive a revocation hearing"). In holding "that a revocation hearing was not held and that Anderson did not waive a revocation hearing," the Alabama Supreme Court reversed this Court's holding that Anderson's revocation was due to be affirmed because he had not preserved the issues he raised on appeal. Id. at 577-79. The Alabama Supreme Court expressly noted that "the failure to hold a revocation hearing is one of the exceptions to the general rule requiring a defendant to preserve his arguments for appeal by first raising them in the trial court." Id. at 578. The Court, thus, implicitly held that whether a valid waiver occurred was necessarily included within the preservation exception that a hearing occur. Clearly, under Ex parte Anderson, the argument that a hearing was not waived equates to an argument that no hearing was held; and, it is well settled that whether a hearing was held need not be preserved for appeal because minimum standards of due process must be satisfied regardless of preservation. See Morrissey v. Brewer, 408 U.S. 471 (1972) (to satisfy minimum constitutional requirements before revoking parole, a parolee

is entitled to, among other rights, the "<u>opportunity</u> to be heard in person and to present witnesses and documentary evidence" and "to confront and cross-examine adverse witnesses") (emphasis added), and <u>Gagnon v. Scarpelli</u>, 411 U.S. 778 (1973) (applying the principles established in <u>Morrissey</u> to probation revocations).

In sum, whether the waiver of a revocation hearing satisfies minimum standards of due process must be addressed on appeal regardless of whether the argument was presented below because it falls within the preservation exception that a hearing be held.

C. <u>Does a waiver's compliance with the Rule 27 requirements also fall within the preservation exception that a hearing be held?</u>

Although the Alabama Supreme Court's holding in <u>Ex parte Anderson</u> makes clear that the constitutional validity of a waiver falls within the exception to the preservation rules that a hearing be held, <u>Ex parte Anderson</u> did not address, implicitly or otherwise, whether a waiver's compliance with the Rule 27 requirements must be preserved for appeal. The Alabama Supreme Court prefaced its waiver consideration by noting that a revocation hearing may be waived if a probationer is "given 'sufficient prior notice of the charges and sufficient

13

notice of the evidence to be relied upon' and if he 'admits, under the requirements of Rule 27.6(c), that he committed the alleged violation.'" Id. at 577 (quoting Rule 27.5(b), Ala. R. Crim. P.). However, although the Alabama Supreme Court quoted Rule 27.5(b), it did not address whether those requirements had been met. Rather, it reversed this Court's holding that Anderson had not preserved his argument for appeal because Anderson denied the violations and never told the court that he was waiving his right to a revocation hearing. Id. at 577-78. The Court did not analyze Anderson's waiver based on his knowledge of the evidence relied upon, only his notice of the charges -- when he was presented with the charges, Anderson denied them. Id. at 576. Moreover, the Alabama Supreme Court did not analyze Anderson's waiver under the requirements of Rule 27.6(c) in holding that "a revocation hearing was not held and that Anderson did not waive a revocation hearing." Id. at 578. Thus, Ex parte Anderson indicates only that Rule 27.5(b) memorializes the minimum due-process requirements -- notice of the violation and an admission -- for a waiver to be valid.

The State argues, however, that our recent jurisprudence has created "confusion" regarding whether the failure of a waiver to comply

14

with Rule 27 constitutes an exception to the preservation rules in a probation-revocation proceeding. According to the State, this Court appears to have extended the recognized preservation exceptions in probation-revocation cases to "nonjurisdictional" infirmities, like the validity of a waiver. We acknowledge that the interplay between what is required by the minimum standards of due process and what is required by the rules governing probation revocations may have created some confusion in the application of the preservation rules and the recognized exceptions to those rules. Thus, we take this opportunity to review our recent cases regarding the preservation of a lack-of-proper-waiver argument.

In Williford v. State, 329 So. 3d 86, 91-92 (Ala. Crim. App. 2020), this Court held that Williford did not waive her right to a revocation hearing because she did not admit to violating her probation. Rather, Williford admitted only "that she had been arrested, which is not a sufficient basis for the revocation of probation." Id. at 92. As did the Supreme Court in Ex parte Anderson, this Court in Williford cited Rule 27.5(b) and noted that, despite Williford's expression that she wanted to "forgo a revocation hearing," "the record must reflect that Williford was

15

given sufficient notice of the charges and evidence against her and that she admitted to a violation of the conditions of her probation." Id. Notably, this Court did not rely on the Rule 27.6(c) waiver requirements. Moreover, in reversing the judgment and remanding the case for a hearing, we emphasized the most crucial aspect of waiver -- that Williford "refused to do that which is required in order to waive such a hearing, i.e., admit that she had violated a condition of her probation." Id. at 93. Our holding, like the Alabama Supreme Court's in Ex parte Anderson, recognized that to constitute a valid waiver, the probationer must admit the alleged violation, and, certainly, to admit a violation, the probationer must be aware of what the alleged violation is. Finally, Williford noted that "it is incumbent upon the circuit court to ensure" that any future waiver comply with Rules 27.5 and 27.6. Id.

In Bailey v. State, 372 So. 3d 560, 565 (Ala. Crim. App. 2022), this Court reversed a probation revocation, noting "that the court failed to conduct a probation-revocation hearing in compliance with Rule 27.6." This Court specifically explained, however, that Bailey's revocation was reversed because, at the "hearing," "Bailey denied that he absconded from supervision as alleged in the delinquency report" and "explained

16

why he did not believe he had absconded." Id. at 564 (emphasis added). Then, despite Bailey's denials, "[t]he State presented no evidence at the hearing regarding the allegation of absconding." Id. at 564-65. This Court further noted that "the record does not indicate that Bailey waived his right to a probation-revocation hearing pursuant to Rule 27.5(b)." Id. To the extent such language in Bailey could be misread as suggesting that a court's failure to comply with Rule 27 may be raised on appeal without being preserved below, it is dicta. Bailey provided no reason for this Court to distinguish a waiver's compliance with Rule 27, the failure of which must be preserved to be addressed on appeal, from a waiver that satisfies the minimum standards of due process, a determination excepted from general preservation requirements. Our holding that no revocation hearing was held was clearly based on Bailey's repeated denials of the charge of absconding. In short, Bailey never admitted to the violation and, thus, never attempted a "waiver." And, the State never presented evidence. Thus, this Court held in Bailey that no "hearing" occurred.

In Wilkerson v. State, 372 So. 3d 573 (Ala. Crim. App. 2022), the probationer again argued that a revocation hearing was not held, a

17

recognized exception to the general preservation rules, because he did not admit to violating his probation, he did not waive his right to a hearing, and the State presented no evidence. We agreed that no waiver occurred and, thus, no hearing had been held because Wilkerson did not admit a violation but, rather, "tried to present a defense to the failed drug tests." Id. at 579. Although this Court recognized that a person may waive his or her right to a revocation hearing under Rules 27.5 and 27.6, our holding that no waiver occurred did not depend on any analysis of the specific Rule 27.6(c) requirements. Instead, we quoted from our earlier decision in Gann v. State, 337 So. 3d 1217 (Ala. Crim. App. 2021), in which we held that no valid waiver occurred because the probationer did not admit to a violation.

> "'[B]ecause there was not an admission of the truthfulness of the allegations, there was not a sufficient basis for the revocation of [Wilkerson]'s community-correction sentence. "Therefore, the right to a revocation hearing was not waived in this case. See Rule 27.5(b), Ala. R. Crim. P. (providing that a waiver of the right to a revocation hearing requires the probationer to admit that he or she committed a violation of the conditions of probation.). The circuit court was required to hold a revocation hearing at which it could receive evidence on the allegations contained in the delinquency report.'"

Id. at 579 (quoting Gann, 337 So. 3d at 1223).

Although Ex parte Anderson, supra, Williford, supra, Gann, supra, Bailey, supra, and Wilkerson, supra, all recognized that Rule 27.5(b) requires "sufficient prior notice of the charges and … the evidence" as well as an admission that the probationer "committed the alleged violation," none of these cases addressed the "evidence" component of the rule, but, rather, considered only whether the probationer was aware of the alleged violations and admitted those violations. These cases all illustrate that the crux of a valid waiver is that there must be a sufficient admission of a specific probation violation, which necessarily includes notice of the alleged violation and an admission of the factual basis for the violation, not that the specific requirements of Rules 27.5(b) and 27.6(c) be satisfied.

Although we have often recognized and referenced the waiver requirements established in Rules 27.5(b) and 27.6(c) when addressing the validity of a waiver of a probation-revocation hearing, this Court has never held, expressly or implicitly, that compliance with the various specific waiver requirements constitutes an exception to the general rules of preservation applicable to probation-revocation proceedings. Our holdings have merely recognized that to waive a revocation hearing, the

minimum standards of due process require notice of the alleged violation and an admission of a violation. Moreover, our recent holdings recognize that whether a valid waiver of a revocation hearing occurred is inextricably intertwined with whether a probationer was unconstitutionally deprived of a revocation hearing. Thus, whether a probationer waived a hearing is necessarily included within the preservation exception regarding whether a hearing occurred.

In sum, we hold that the failure to conduct a probation-revocation hearing when that hearing has not been waived within the minimal standards of due process qualifies for an exception to the application of the general rules of preservation. Accordingly, a probationer may argue on appeal, as Mulkey does, that he never waived a revocation hearing, regardless of whether that argument was raised below. It does not follow, however, as Mulkey contends, that a probationer may argue for the first time on appeal that the circuit court failed to strictly comply with the Rules of Criminal Procedure in determining whether a valid waiver occurred. The waiver requirements established by Rules 27.5(b) and 27.6(c), Ala. R. Crim. P., are not all "jurisdictional" or required by minimum due-process standards. Thus, we hold that an argument that

20

the waiver <u>rules</u> were not complied with must be preserved below to be addressed on appeal. However, if no Rule 27 argument was made below, due process requires only notice of the charged violation and an admission of that violation -- requirements memorialized in Rule 27.6(b). Thus, only the argument that a waiver fails to comply with due process may be addressed on appeal if not made below.

We further note that our waiver determination has never depended upon a satisfaction of the element of Rule 27.5(b) that there be an understanding of the "evidence relied upon," much less that the requirements of Rule 27.6(c) be strictly satisfied. Rather, what is required is a minimally sufficient understanding of the facts, which is shown by an admission to the specific violation for which a probationer received notice. Moreover, even when a failure to comply with the waiver rules has been preserved, the Alabama Supreme Court has required only "substantial compliance" within the "spirit" of the rules. <u>See</u> <u>Wagner v. State</u>, 197 So. 3d 517 (Ala. 2015).

With these principles in mind, we now consider whether Mulkey waived his right to a revocation hearing in compliance with the minimum due-process standards established by the United States Supreme Court

21

in <u>Morrissey v. Brewer</u>, 408 U.S. 471 (1972) and <u>Gagnon v. Scarpelli</u>, 411 U.S. 778 (1973), and memorialized in Rule 27.5(b)(1)'s requirements that an admission be made only after the probationer "has been given sufficient notice of the charges."

II.   <u>Did Mulkey waive his right to a revocation hearing?</u>

Mulkey's argument that he did not waive a revocation hearing is without merit because Mulkey's waiver satisfied minimum due-process standards.

In determining that Mulkey waived his right to a revocation hearing, we note that in <u>Ex parte Anderson</u> and subsequent cases have made clear that only two Rule 27.5(b) requirements must be considered in addressing the <u>minimal</u> constitutional adequacy of a waiver -- that "[t]he probationer has been given sufficient prior notice of the charges" and that the probationer "admits … that he committed the alleged violation." Rule 27.5(b) further requires that the probationer have "sufficient notice of the evidence to be relied upon" and that "[t]he probationer admits <u>under the requirements of Rule 27.6(c)</u>, that he committed the alleged violation." (Emphasis added.) Rule 27.6(c) then requires, even more specifically, that, "[b]efore accepting an admission by

a probationer that the probationer has violated a condition ... of probation ..., the court shall address the probationer personally."  In addition, the circuit court

> "shall determine that the probationer understands the following:
>
>> "(1) The nature of the violation to which an admission is offered;
>>
>> "(2) The right under section (b) to be represented by counsel;
>>
>> "(3) The right to testify and to present witnesses and other evidence on probationer's own behalf and to cross-examine adverse witnesses under subsection (d)(1); and
>>
>> "(4) That, if the alleged violation involves a criminal offense for which the probationer has not yet been tried, the probationer may still be tried for that offense, and although the probationer may not be required to testify, that any statement made by the probationer at the present proceeding may be used against the probationer at a subsequent proceeding or trial.
>
> "The court shall also determine that the probationer waives these rights, that the admission is voluntary and not the result of force, threats, coercion, or promises, and that there is a factual basis for the admission."

Rule 27.6(c), Ala. R. Crim. P.

Although we routinely caution circuit courts to adhere to the requirements of Rules 27.5(b) and 27.6(c) in determining whether a probation-revocation hearing has been waived, compliance with these rules is not required to satisfy the minimum standards of due process. Accordingly, any argument that the specific requirements of Rule 27.6 were not met must be raised below to be preserved on appeal. However, as already noted, even if not raised below, a waiver of a revocation hearing must satisfy minimum due-process standards to be valid. Due process is satisfied when a probationer has been given "sufficient prior notice of the charges" and "admits … that he committed the alleged violation." Rule 27.5(b). See e.g., Ex parte Anderson, supra, Williford, supra, Gann, supra, and Wilkerson, supra. Thus, because Mulkey did not preserve his argument that the circuit court's failed to comply with Rules 27.5(b) and 27.6(c), we consider only whether the circuit court complied with the minimum standards of due process in determining whether Mulkey's waiver was valid.

The record indicates that Mulkey was provided notice of the charged violation and that he understood the alleged violation. Mulkey made an initial appearance and requested a hearing. Counsel was

24

appointed, and a hearing was scheduled. Mulkey was present and represented by counsel at the hearing. Mulkey's counsel informed the court that he and Mulkey had "looked at" the alleged violation (that Mulkey left the 7 Springs rehabilitation facility). Mulkey's counsel then admitted to that violation <u>multiple</u> times during the hearing. Mulkey also admitted leaving the rehabilitation facility in his dialogue with the court. The State was nonetheless ready to proceed with the hearing, and the court asked Mulkey several times what he wanted to do. Again, Mulkey, like counsel, admitted to the violation of leaving the rehabilitation facility before completing the program as required. Mulkey was provided opportunities to speak at the hearing, and he spoke freely with the court throughout the hearing. Mulkey continued to admit leaving the facility in his post-hearing motion for reconsideration, and Mulkey even attached to this motion the evidence of his failure to complete the program. (C. 34 ("This letter is written to inform you that [Mulkey] has exited the program on July 28, 2022.") and C. 43 ("This letter is written to inform you that [Mulkey] has entered the program on June 14, 2022, and has an expected graduation date of June 13, 2023.").)

Clearly, Mulkey had notice of the charged violation and admitted the violation. The minimum standards of due process were satisfied.

We expressly reject Mulkey's contentions that his revocation must be reversed because of the circuit court's failure to comply with the requirements of Rules 27.5(b) and 27.6(c). As already noted, we have often referenced Rule 27 and cautioned circuit courts to comply with the waiver rules. However, in order for this Court to review whether a trial court has complied with the provisions of Rule 27, that issue must be preserved for appellate review. And, Mulkey never raised this argument below.

Finally, we also note that, even when the argument that a court failed to adhere to Rule 27.6(c) requirements has been preserved, the Alabama Supreme Court has made clear that a waiver of a revocation hearing is valid if there is "substantial compliance" with the "the spirit" of the rule.

In <u>Wagner v. State</u>, 197 So. 3d 517 (Ala. 2015), Wagner raised the argument that his waiver did not comply with Rule 27.6(c), Ala. R. Crim. P., in his motion for a new hearing. <u>Id.</u> at 520. The Alabama Supreme Court recognized that Rule 27.6(c) provides that,

26

"'[b]efore accepting an admission by a probationer that the probationer has violated a condition or regulation of probation or an instruction issued by the probation officer, the court shall address the probationer personally and shall determine that the probationer understands the following:

"'(1) The nature of the violation to which an admission is offered;

"'(2) The right under section (b) to be represented by counsel;

"'(3) The right to testify and to present witnesses and other evidence on probationer's own behalf and to cross-examine adverse witnesses under subsection (d)(1); and

"'(4) That, if the alleged violation involves a criminal offense for which the probationer has not yet been tried, the probationer may still be tried for that offense, and although the probationer may not be required to testify, that any statement made by the probationer at the present proceeding may be used against the probationer at a subsequent proceeding or trial.

"'The court shall also determine that the probationer waives these rights, that the admission is voluntary and not the result of force, threats, coercion, or promises, and that there is a factual basis for the admission.'"

Id. at 521 (quoting Rule 27.6(c), Ala. R. Crim. P.).  However, the Alabama

Supreme Court did not require strict compliance with Rule 27.6(c) in

finding that Wagner had waived his right to a hearing.

The Alabama Supreme Court first determined that "[n]othing in the record shows that Wagner was not notified of the charges against him or that he did not understand the nature of those charges." Wagner, 197 So. 3d at 522. The court read the charges, and Wagner's counsel admitted them. Id. As for the second requirement, "[i]t is without dispute that Wagner was present at the hearing and that he was represented by court-appointed counsel." Id. The Court found the third requirement satisfied because "Wagner, through counsel," stated that he had no witnesses and "the State called no witnesses." Id. at 522. Accordingly, "Wagner was not denied his right 'to testify and to present witnesses and other evidence on [his] own behalf and to cross-examine adverse witnesses." Id. Fourth, although the transcript did not show that Wagner was advised that any statement made could be used against him in a later proceeding, the Court found "that omission to be harmless error because … Wagner's probation violations do not involve criminal offenses." Id. Finally, the Court recognized that Wagner was provided opportunities "to address the trial court in some manner" even though "'Wagner never spoke.'" Id. at 523 (quoting Wagner's brief, p. 18). The Court further noted that "there certainly existed a factual basis for Wagner's

28

admission, even beyond Wagner's own admissions of guilt." Id. The Alabama Supreme Court thus held that "Wagner received a hearing that substantially conformed to the requirements of Rule 27.6(c), certainly to the extent that the spirit of the rule was fully complied with." Id. at 524 (emphasis added).

Based on Wagner, even had Mulkey preserved his argument that the circuit court failed to strictly comply with Rule 27.6(c), the circuit court "substantially" complied with the "spirit" of the rule in finding that Mulkey waived his right to a revocation hearing. First, Mulkey, through counsel, acknowledged viewing the delinquency report and admitted he left the rehabilitation program. Second, Mulkey was represented by counsel. Third, Mulkey was informed of his "rights to and under" a probation-revocation hearing. Fourth, Mulkey's violation did not involve a criminal offense. Thus, it would be, at most, harmless error that he was not advised that an admission of his violation could be used against him in a subsequent proceeding. Finally, counsel admitted multiple times that Mulkey left the rehabilitation facility in violation of his probation. Mulkey's counsel's admissions were made in Mulkey's presence, and Mulkey, who spoke freely to the court throughout the

hearing, was provided multiple opportunities to speak. Indeed, Mulkey volunteered at the hearing that he telephoned his attorney "after [he] left" the rehabilitation facility. (R. 5.) Finally, Mulkey provided an additional factual basis for his violation by submitting letters from "7 Springs Ministries" that he was not expected to complete the rehabilitation program until June 13, 2023, but that he left the program on July 8, 2022. (C. 34, 43.)

In sum, unlike the probationers in the cases cited by Mulkey on appeal, he did not deny but, rather, <u>repeatedly admitted</u> the factual basis of the probation violation. The circuit court, thus, could be reasonably satisfied that Mulkey had violated the terms of his probation by leaving the "7 Springs" rehabilitation facility. Therefore, the circuit court did not abuse its discretion by finding that Mulkey admitted the factual basis for his probation violation and waived his right to a hearing.

<u>Conclusion</u>

In conclusion, because minimum due-process standards require that a probationer receive a hearing before probation is revoked, Mulkey's argument that he was deprived of a hearing necessarily includes the argument that he did not waive a hearing. Simply put,

30

whether a revocation hearing is waived is encompassed within the exception to the general rules of preservation that a revocation hearing be held. To waive a hearing without violating the minimum standards of due process, the probationer must have received notice of the alleged violation and admitted that violation, two of the requirements listed in Rule 27.5(b). However, any argument that the probationer must have notice of the specific evidence relied upon under Rule 27.5(b) or that the probationer's admission must strictly satisfy all additional requirements provided in Rule 27.6(c), Ala. R. Crim. P., must be preserved to be addressed on appeal. In this case, Mulkey was aware of the charged probation violation and admitted his violation -- leaving the rehabilitation facility before completion of the program. Thus, Mulkey's waiver of a revocation hearing satisfied due process. The circuit court's judgment is affirmed.

APPLICATION FOR REHEARING OVERRULED; OPINION OF MAY 3, 2024, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.

Windom, P.J., and Kellum, McCool, and Minor, JJ., concur.